Eugene C. Denton, Appellant, *v.* Ontario County National Bank, Impleaded with Letitia G. Durand et al., Respondent.

1. Action to Foreclose Junior Mortgage — Prior Mortgagee in Possession under a Foreclosure to which Junior Mortgagee Was not Made a Party — Remedy of Junior Mortgagee.  A junior mortgagee, who was not made a party to the foreclosure of a prior mortgage, and who, after such foreclosure, brings an action to foreclose his mortgage, is not to be deprived of his right of sale, subject to prior liens, and be required to redeem, under penalty of a dismissal of his complaint, with costs, on failure so to do, as against a prior mortgagee in possession through the prior foreclosure and under outstanding liens upon the mortgaged property in excess of its value, and the prior mortgagee awarded a strict foreclosure, where, although such prior mortgagee went into possession in good faith and without any actual knowledge of the junior mortgage, that mortgage was then on record and there was nothing to prevent its ascertainment by the usual inquiries, and it is not shown that the junior mortgagee had notice or was chargeable with notice of the prior mortgagee's foreclosure action and by silence or conduct contributed to the existing situation.

2. Imputation to Junior Mortgagee of Knowledge of Action to Foreclose Prior Mortgage — Knowledge of Attorney.  Knowledge of the commencement or pendency of an action to foreclose a prior mortgage is not imputable to a junior mortgagee, who was not made a party thereto, in an action subsequently brought by him to foreclose his mortgage when the prior mortgagee is in possession of the premises through a judgment and sale in the former action, from the mere facts that the attorney for the junior mortgagee in the later action knew of the prior action through appearing therein as attorney for another party, and that in the verification to the complaint in the later action, made by him, the attorney states that he drew the junior mortgage and that it had been in his possession ever since, except while being recorded.

3. Strict Foreclosure.  Strict foreclosure should be resorted to only in extreme cases; and, *it seems*, that it is not called for in favor of a prior mortgagee, in possession through an action foreclosing a prior mortgage, defendant in a subsequent action brought to foreclose a junior mortgage by a mortgagee who was not made a party to the prior action, instead of permitting the junior mortgagee to sell at his own expense, where the defendant prior mortgagee's possession is under liens in excess of the value of the mortgaged premises, and the junior mortgagee cannot sell except in subordination to all his rights.

*Denton* v. *Ontario Co. N. Bank*, 77 Hun, 83, reversed.

(Argued June 4, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 27, 1894, which affirmed a judgment in favor of the defendant, the Ontario County National Bank, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry M. Field* for appellant. The respondent bank, as a grantee and purchaser, had no right to ask or demand any affirmative relief upon any facts alleged in the answer or proven upon the trial. (Code Civ. Proc. § 1628; *Comstock* v. *Drohan,* 71 N. Y. 9; *Scofield* v. *Doscher,* 72 N. Y. 491; *McKernan* v. *Robinson,* 84 N. Y. 105.) The court had no power to grant any judgment in the action, save that given by the Code of Civil Procedure. (Code Civ. Proc. § 1626; 2 R. S. 191, § 151; *Vanderkemp* v. *Shelton,* 11 Paige, 28; *Peabody* v. *Roberts,* 47 Barb. 91; *Moulton* v. *Cornish,* 138 N. Y. 143; *M. L. Ins. Co.* v. *Dake,* 1 Abb. [N. C.] 381; 87 N. Y. 257; *Bache* v. *Purcell,* 6 Hun, 518; *Walsh* v. *R. F. Ins. Co.,* 13 Abb. Pr. 33; *Bigelow* v. *Davol,* 62 Hun, 245; *Atwater* v. *West,* 28 N. J. Eq. 361; *Hale* v. *Omaha N. Bank,* 64 N. Y. 555.) The court erred in granting to the respondent affirmative relief. The evidence did not give the court any right or jurisdiction to grant any affirmative judgment whatever. (*Moulton* v. *Cornish,* 138 N. Y. 133; *Farrell* v. *Patten,* 50 Ill. 274; *Bolles* v. *Duff,* 43 N. Y. 469.) Actions of strict foreclosure have been abolished by the Code. The court has no power to grant any judgment in foreclosure action save that granted by section 1686 of the Code of Civil Procedure. (Fiero on Special Actions, 187; Wiltsie on Foreclosure, § 833; *Moulton* v. *Cornish,* 138 N. Y. 133.) The respondent as a purchaser has no right to compel appellant to redeem. By the purchase and the deed the mortgage was extinguished and merged in the conveyance. (*Shriver* v. *Shriver,* 86 N. Y. 575; *Heyer* v. *Pruyn,* 7 Paige, 465; *Russell* v. *Allen,* 10 Paige, 249; *McKinstry* v. *Curtis,* 10 Paige, 503; *Tice* v. *Andrews,*

2 Johns. Ch. 125; *Robbins* v. *Beers*, 49 N. Y. S. R. 360; *Gill* v. *Lyon*, 1 Johns. Ch. 446; Beach on Mod. Eq. Juris. 446; *Acer* v. *Westcott*, 46 N. Y. 384; *McPherson* v. *Rollins*, 107 N. Y. 322.) It was not competent for the court to grant the decree for affirmative relief upon the pleadings and evidence before it. (*Edwards* v. *Woodruff*, 90 N. Y. 396.) The court erred in allowing the judgment roll in the prior foreclosure to be read in evidence, and the objections thereto should have been sustained. (*Landon* v. *Townshend*, 112 N. Y. 93; *Ross* v. *Boardman*, 22 Hun, 527; *Miner* v. *Beekman*, 42 How. Pr. 33.) The court erred in allowing the mortgages and records to be read in evidence, and the objections thereto were well taken. (Code Civ. Proc. § 522; *Day* v. *Town of New Lots*, 107 N. Y. 148; *Reed* v. *McConnell*, 133 N. Y. 425; *Woolsey* v. *Trustees of E.*, 69 Hun, 489.) The court erred in holding that the complaint here was in evidence, and still more in reference to the verification of the complaint. (*Tisdale* v. *D. & H. C. Co.*, 116 N. Y. 416; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *George* v. *McAvoy*, 6 How. Pr. 200; *Bishop* v. *Sullivan*, 3 Law Bull. 7; *Halpin* v. *P. Ins. Co.*, 118 N. Y. 165.) The trial judge erred in the conclusion of law wherein he finds that the appellant is "chargeable with notice of that foreclosure and of the proceedings thereunder." (*Slattery* v. *Schwannecke*, 118 N. Y. 543; Story on Agency, §§ 134, 210; *White* v. *Miller*, 71 N. Y. 118; *Constant* v. *University of Rochester*, 111 N. Y. 604; *Graves* v. *Mumford*, 26 Barb. 94; *Lewis* v. *Duane*, 69 Hun, 28.) Even if the attorney had been made a party defendant in the prior foreclosure, the appellant here would not have been bound by that fact, nor would any knowledge which the attorney acquired thereby have been chargeable to appellant, nor did the affidavit of the attorney to the verification of the complaint help the respondent. (*Bowen* v. *Powell*, 1 Lans. 1; *Constant* v. *University of Rochester*, 111 N. Y. 604; *Landon* v. *Townshend*, 129 N. Y. 166; *Rathbone* v. *Hooney*, 58 N. Y. 467; *Collins* v. *Hydorn*, 135 N. Y. 320.) The court should have found the facts as requested by the appellant, and the refusal was error. (*Ackerman* v. *Hun*,

*sicker*, 85 N. Y. 43; *McPherson* v. *Rollins*, 107 N. Y. 316; *Livingston* v. *M. E. R. Co.*, 138 N. Y. 76; *Edwards* v. *Woodruff*, 90 N. Y. 396; *Ostrander* v. *Hart*, 130 N. Y. 413.) The decree was inequitable and unjust, and was not even in accordance with the opinion delivered by the General Term when the case was there on the first appeal. (*Perine* v. *Dunn*, 4 Johns. Ch. 140.) The trial judge erred in requiring appellant to pay costs. (*Slee* v. *Manhattan Co.*, 1 Paige, 48; *Benedict* v. *Gilman*, 4 Paige, 58; *Vroom* v. *Ditmas*, 4 Paige, 526; *Rosa* v. *Jenkins*, 31 Hun, 384; *West* v. *City of Utica*, 71 Hun, 546.)

*Lorenzo C. Hall* for respondent. The respondent, by purchasing the 175 acres upon the foreclosure of the $5,000 mortgage, acquired the rights of a grantee of Luman M. Durand in said 175 acres as of the date of said $5,000 mortgage, or at least as of the date when the lien of the $5,000 mortgage was postponed to the lien of the prior mortgages, and has a right as against said Luman M. Durand, and all persons holding under him, to have the 33 acres first applied in payment of the prior mortgages. (*Woods* v. *Spalding*, 45 Barb. 602; *White* v. *Evans*, 47 Barb. 179; *Hart* v. *Wandle*, 50 N. Y. 381; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; Thomas on Mortgages [2d ed.], 183.) The holder of a junior mortgage who has not been made a party to the foreclosure of a prior mortgage may be denied judgment of foreclosure and sale, and required to redeem. (*Ross* v. *Boardman*, 22 Hun, 527; *Smith* v. *Gardner*, 42 Barb. 356; *Salmon* v. *Allen*, 11 Hun, 29; *Moulton* v. *Cornish*, 138 N. Y. 133; *Benedict* v. *Gilman*, 4 Paige, 58.) If the appellant is permitted to sell under his mortgage none of the questions in controversy will be settled thereby. The respondent will remain the owner in equity of the $2,000 prior mortgage, and will remain in possession of the whole farm thereunder. (*Wing* v. *Field*, 35 Hun, 617; *Hart* v. *Wandle*, 50 N. Y. 381; *Robinson* v. *Ryan*, 25 N. Y. 320; *Benedict* v. *Gilman*, 4 Paige, 58; *Smith* v. *Gardner*, 42 Barb. 356; *Jackson* v. *Bowen*, 7 Cow.

17

13; *Winslow* v. *McCall*, 32 Barb. 241.) The appellant, not being a party to the foreclosure of the prior mortgage of $2,000, has no interest in the surplus moneys arising from the sale, and is not affected by the disposition made of them. (*Winslow* v. *McCall*, 32 Barb. 241; *Waller* v. *Harris*, 7 Paige, 167.) Appellant can redeem only upon condition that he satisfy both the prior mortgages, less the difference between the total value of the 175 acre parcel and the interest conveyed to the respondent by the $5,000 mortgage, charging appellant's account with interest accruing on the mortgages and crediting it with net rent of premises during the time since the purchase by respondent on foreclosure of the $2,000 mortgage. (*Hart* v. *Wandle*, 50 N. Y. 381; *Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *Clowes* v. *Dickenson*, 5 Johns. Ch. 241; *Guion* v. *Knapp*, 6 Paige, 39; Thomas on Mortgages, §§ 271, 958; *Woods* v. *Spalding*, 45 Barb. 602; Code Civ. Proc. § 1632.) The defendant Letitia G. Durand, the maker of the appellant's notes and mortgage, had no interest in any part of the 208 acres at the time this action was commenced, and a sale of the mortgaged premises is not necessary before a judgment can be recovered on the notes. (*Frank* v. *Davis*, 135 N. Y. 275.) The finding that the appellant is chargeable with notice of the foreclosure of the prior mortgage is supported by competent evidence appearing in the verification of the plaintiff's complaint. (*Constant* v. *University of Rochester*, 111 N. Y. 604.) The objection that respondent is not entitled to the relief granted by the judgment, because respondent's answer was not served on the defendant Durand, is without merit. (Code Civ. Proc. § 521.) Costs were properly charged upon the appellant in the event of his failure to redeem. (*Belden* v. *Slade*, 26 Hun, 635; *Slee* v. *Manhattan Co.*, 1 Paige, 48; *Brockway* v. *Wells*, 1 Paige, 617; *Vroom* v. *Ditmas*, 4 Paige, 526; *Salmon* v. *Allen*, 11 Hun, 29.)

O'BRIEN, J. This was an action in the usual form for the foreclosure of a mortgage, upon a parcel of thirty-three acres of land, part of an entire farm of two hundred and eight acres,

of which the defendant bank is in possession.   The mortgage was executed and delivered to the plaintiff on the 12th day of April, 1888, by Letitia G. Durand to secure the payment of her two notes, amounting to $1,060, payable on the first day of November thereafter.   The mortgage was recorded on the 6th day of June, 1888, and no part of the debt has been paid. The usual judgment in foreclosure was demanded.

The several parties  defendant made default except the bank, which resisted the  foreclosure upon the following facts which are alleged or found :

On March 3, 1888, the bank purchased one hundred and seventy-five acres of the  farm upon a sale under judgment of foreclosure of a $5,000 mortgage on that parcel, which mortgage the bank owned, but this sale conferred no title to the thirty-three-acre parcel in question which was not covered by the mortgage foreclosed.   The sale was made, however, subject to two prior mortgages covering the whole farm, including the parcel in question, amounting in the aggregate to $8,000 and interest.

On the 2d day of March, 1889, the bank purchased the whole farm upon a sale under a judgment of foreclosure of one of the prior mortgages, amounting to $2,000 and interest, subject, however, to the lien of the other prior mortgage of $6,000 and interest which remained outstanding.

The defendant bank has been in possession of the whole farm, including the parcel covered by the plaintiff's mortgage since the date of the last sale and has been in possession of the 175 acres since the date of the first sale, a year before, and in receipt of the rents and profits.   There does not appear to be any dispute with respect to the fact that the defendant is a mortgagee in possession with all the rights and liabilities incident to that position.   The controversy in the case arises from the fact, which is conceded, that the plaintiff was not made a party to the action under which the last sale was made, and thus his rights have not been affected by the sale.

The bank, however, while admitting that the plaintiff's mortgage has never been foreclosed, insisted that he was not

entitled to judgment of foreclosure and sale in this action
under the power of sale contained in his mortgage, by reason
of the relations which it held to the property, based upon the
facts stated, and so, in its answer, demanded judgment that,
instead of judgment of foreclosure, the plaintiff be required
to redeem. The action has been twice tried, and upon both
trials the courts below have sustained the defendant in this
position. The judgment now before us has determined that
the plaintiff is not entitled to the relief demanded, that is, to
a decree in foreclosure in the usual form, but that the defend-
ant bank is entitled to a dismissal of the complaint. The
court then stated the account and prescribed the terms upon
which the redemption could be made, charging the defendant
with the use, crediting it with interest on the outstanding
mortgage which it paid, and with some other items, and
found that the plaintiff, in order to redeem the thirty-three
acres, should pay the bank $4,658. The value of this parcel
has been found by the court, upon the stipulation of the
parties, to be $30 per acre, or $990. The judgment then
provides that, unless the plaintiff shall redeem within the
time named therein and in the manner stated, his rights, and
the rights of all parties claiming under him, in or to the par-
cel covered by his mortgage, shall be extinguished and the
bank entitled to judgment for the costs of the action.

There are some questions in the case arising from the man-
ner of stating the account and with respect to the application
of the rule requiring separate parcels in such cases to be sold
in the inverse order of alienation, but we have not been able
to discover that any wrong has been done to the plaintiff in
that regard. At all events, in the view that we have taken
of the case, we do not consider these matters as important to
the determination of the appeal, and but for the point here-
after noticed, would be disposed to affirm the judgment and
end a litigation which depends more upon forms than any
substantial pecuniary interest which the plaintiff has in the
property.

There is no doubt upon the facts of the case that the plain-

tiff is seeking to foreclose a mortgage upon lands already incumbered by prior liens for much more than their value, and that the defendant is in possession under these liens. The plaintiff's lien would seem to be merely nominal, representing no substantial interest, and yet it can scarcely be said that these facts are a defense to an action for the foreclosure of a mortgage.

The plaintiff's mortgage was in full force and he had the right to bring an action upon it. He certainly had the right to every personal remedy available against the maker of the personal obligations to which the mortgage was security. It is quite possible that he has been defeated or embarrassed in the pursuit of that remedy by the form of the judgment in this case. He has certainly been subjected to the payment of costs in a large amount in the event of refusal or failure to redeem. The situation, doubtless, warranted the courts below in the use of all their powers to protect the defendant from useless litigation, and we would be disposed to sustain their action if it could be done without violation of principles and rules of procedure that are important to be observed in actions of this character.

The defendant being in possession of the lands under the circumstances stated, has obtained what is substantially a judgment of strict foreclosure against the plaintiff. Instead of bringing an action for that purpose, it set up the facts as a defense to the plaintiff's suit in foreclosure, and it has obtained the same relief as a defendant in this action that it would or might demand as plaintiff in the peculiar form of action referred to. We do not intimate that such a judgment may not be rendered in a proper case, but the party seeking the relief, whether plaintiff or defendant, must make out the facts entitling him to it. The only question in this case that seems to us to involve a legal principle is the right of the defendant, under the circumstances, to a judgment of strict foreclosure requiring the plaintiff to redeem, or, in case of failure to do so, to submit to a judgment dismissing his complaint, with costs. The form of the judgment and the procedure in actions for

the foreclosure of mortgages must be found in art. 4, chap. 14, § 1626 *et seq.* of the Code, and no authority is to be found there for such a judgment as this. The general course of procedure in this class of actions cannot be departed from, except possibly in special cases, and upon facts appealing to the conscience of a court of equity for some other or more restricted remedy.

The equitable remedy known as strict foreclosure, which has been awarded to the defendant in this case, has not been recognized in this state save in a very limited class of cases.

The question as to the right to that kind of relief, and the peculiar circumstances under which it can be granted, was recently discussed and passed upon by this court in a case similar in many respects to the one at bar. (*Moulton* v. *Cornish*, 138 N. Y. 133.) The general rule is there stated that the right to a judicial sale of the mortgaged premises to pay the debt secured is, in this state, one of the incidents of the mortgage contract, and, if the mortgagor is in default, the mortgagee is entitled to the enjoyment of this right unimpaired. This can only be secured to him by a sale in an action or proceeding to which he is a party. The holder of the mortgage cannot be deprived of the right without at the same time impairing the obligations of the contract and depreciating the security. While in this state the right, in special and exceptional cases, may be under the control of a court of equity, it cannot in any case be denied or suppressed, except in the presence of some adverse dominating equity which requires a departure from the general rule. It was said in the case referred to that in order to entitle a purchaser under a prior mortgage, or a mortgagee in possession under circumstances such as exist in this case, to relief by way of strict foreclosure, he must show that he purchased in good faith, relying on the regularity and sufficiency of the proceedings ; that the subsequent lienor had knowledge of the sale and permitted the purchaser to make the purchase and enter into possession without disclosing the existence of his incumbrance, or calling attention to the defect in the proceedings.

This rule would seem to be founded on obvious principles of justice. Certainly, if the prior mortgagee purchased with knowledge of the existence of a junior incumbrance, not cut off by the proceedings, there is no reason why he should ask or be awarded a special and exceptional equitable remedy to relieve him from the position in which he has placed himself.

When the holder of the junior mortgage, though not made a party in the action to foreclose a prior mortgage, yet has notice or knowledge of the suit or proceeding, but omits to give notice of his interest or to call attention in some way to the defect in the proceeding, and allows the senior incumbrancer to foreclose, purchase and go into possession under his mortgage, these facts would justify a court of equity, in the exercise of a sound discretion, in denying the right of sale to the holder of the junior mortgage as against the other party who was in fact ignorant of its existence. In such a case it can be said that the junior mortgagee has waived the right to exercise the power of sale or estopped himself from insisting upon it, and in equity should be required to redeem.

In this case it has been found and is conceded that the defendant purchased and went into possession in good faith, without notice in fact or any actual knowledge of the existence of the plaintiff's mortgage. But that mortgage was on record, and so far as appears there was nothing to prevent the defendant from ascertaining its existence by the usual inquiries. So the mere fact that the defendant acted in good faith, without knowledge of the plaintiff's rights, is not sufficient to entitle it to the exceptional remedy given by the judgment. It has been found, however, that the plaintiff had notice or is chargeable with notice of the action by defendant to foreclose the prior mortgage under which it is in possession. If we could say that this finding was supported by any competent proof we would be able to see our way more clearly to affirm this judgment. Then it could be held that the plaintiff himself, by silence and by his conduct, has contributed to create the situation which existed when he brought this action, and, therefore, in equity waived his right to exercise the

power of sale or estopped himself from insisting, under the circumstances, upon that right.

But we think that there was no competent proof given upon which this finding can stand. The only proof claimed is the fact that the plaintiff's attorney in this action knew of that suit since he appeared in it for another party. There is no proof that the plaintiff himself had any actual knowledge of the suit, and he is not chargeable with knowledge of a fact which his present attorney obtained or which came to his knowledge while acting for another. The complaint in this action was verified by the plaintiff's attorney on June 10, 1889, and in that affidavit he states, as the grounds of his knowledge and information, the notes and mortgage which he drew and were then in his possession, and had always been, except when the mortgage was at the clerk's office for record, and that he had more knowledge of the facts than the plaintiff. This affidavit attached to the complaint was not offered in evidence, and if it had been we do not think it would prove knowledge on the part of the plaintiff of the commencement or pendency of the action to foreclose the prior mortgage under which defendant went into possession. There was no attempt made to prove this fact at the trial, or at least the attention of plaintiff's counsel was not called to the question. The finding rests entirely upon the connection which the attorney had with the former suit as attorney for another party, and his relations to the mortgage in this suit as custodian or draftsman as they appear in the verification which was before the court for another·purpose.

The finding that the plaintiff is chargeable with notice or knowledge of the former suit in foreclosure is so material and important as a basis for the exceptional relief, known as strict foreclosure, that it should have been established by competent proof. However innocent the defendant may have been of the facts which rendered that sale defective as to the plaintiff, still the latter must be chargeable with some act, omission or neglect that would render it inequitable for him to insist upon a sale. If he allowed the former proceed-

ing to progress to judgment and sale, and looked on while the defendant went into possession, without disclosing his claim or calling attention to the defect of parties, it would be entirely consistent with principles of equity to hold that he cannot now insist upon a right which he then made no effort to assert and refused to disclose when he knew that the other party was acting in good faith and in ignorance of its existence. If a course of conduct such as this could properly be imputed to the plaintiff a court of equity would be justified in holding that his right to a sale had been by himself made, subject to other considerations, but unless the defect is chargeable to some omission on his part, or to his silence when he should have spoken, we do not see how the right can be denied.

The client is not ordinarily chargeable with the knowledge which his attorney may have of a particular fact unless it was obtained in the conduct of the cause or in the business of the client or was present to his mind at the time. How far such knowledge is in any case to be imputed to the client depends upon the nature of the information, the existence of it in the mind of the attorney at the particular time and the manner in which it was communicated. The party seeking to avail himself of the benefit of such knowledge must show all the facts and circumstances, whatever they may be, that are necessary to make it binding upon the client. (*Slattery* v. *Schwannecke*, 118 N. Y. 543 ; *Constant* v. *University of Rochester*, 111 N. Y. 604.) In this case the fact that the attorney knew that the former suit was in progress is sought to be reinforced by the other fact that he then had the mortgage and notes involved in this action in his possession. The mere fact that he had these papers, without any proof of how he obtained them or the purpose for which he held them, is not very significant. Besides, the only proof that they were in his possession at all was the attorney's affidavit verifying the complaint. The facts which an attorney may state in such an affidavit in order to comply with the provisions of the Code are not thereby to be deemed admitted or proved as against his client when they become material issues in the case.

18

When such facts become material on some issue in the case or as a basis for some peculiar relief they must be established by common-law proofs.

We think there was no proof to warrant a finding that the plaintiff had any notice or knowledge of the prior suit.

Moreover, we are unable to see how the remedy of strict foreclosure can be necessary for the protection of the defendant's rights. All the authorities agree that it should not be resorted to except in very extreme cases. It does not appear that these rights will be adversely affected by allowing the plaintiff to pursue the usual remedy.

The defendant is in possession under liens largely in excess of the value of the land, and it cannot be disturbed by any sale in this suit until these liens are paid. The plaintiff cannot sell except in subordination to all the defendant's rights. The expenses of this action and of the sale are not chargeable to the defendant personally unless the court in the exercise of discretion should find some special reason for doing so. If the plaintiff, under such circumstances, insists upon his right to sell at his own expense, it is not apparent how the defendant can be injured.

The defendant could have re-foreclosed the mortgage, notwithstanding the defect in the first foreclosure, and we see no reason why it could not have that relief in this action if the pleadings are sufficient for that purpose. However that may be, we think that the facts in the case did not warrant the relief in the nature of strict foreclosure, which the judgment awarded to the defendant and imposed upon the plaintiff as an obstacle to his pursuit of the remedy which the law gives to the holder of a junior mortgage.

For this reason the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.