### McCUTCHEON v. DITTMAN et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. SALE OF PLEDGE—NOTICE TO PLEDGOR.
    The duty of a pledgee of certificates of stock, in foreclosing his pledge by sale, to give to the pledgor notice of his intention and of the time and place, is not satisfied by sending him a newspaper advertisement of an auctioneer enumerating various stocks and bonds to be sold, but in no way indicating the fact that they included the pledgor's, or that he had any interest in the sale.

2. BONA FIDE PURCHASER—KNOWLEDGE OF ATTORNEY.
    Where an attachment is levied on goods held in pledge, the fact that the attorney of plaintiff in attachment was also attorney for the pledgee in making a sale of the pledged goods, does not impute to plaintiff in attachment, on purchasing the pledged goods at foreclosure sale, the knowledge of the attorney of an irregularity in the sale of such goods.

Appeal from judgment on report of referee.

Action by Robert C. McCutcheon against Charles Dittman and others. Judgment for plaintiff, and Dittman and certain other defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John M. Bowers, for appellants.
J. E. Ludden, for respondent.

VAN BRUNT, P. J.   This action was brought to obtain relief in respect to an alleged irregular sale by the defendant Charles Dittman of stock in the United States Printing Company, which had been pledged by the plaintiff with said Dittman to secure the payment of a promissory note given by the plaintiff of $1,000, of which stock the other defendants, composing the firm of S. Isaacs & Co., had become the purchasers.   It appears that on the 21st of November, 1895, the defendant Dittman loaned to the plaintiff the sum of $1,000, for which the plaintiff gave his promissory note dated on that day, and payable six months thereafter, with interest at 6 per cent.   To secure the payment of this note the plaintiff delivered to Dittman a certificate for 53 shares of the stock of the United States Printing Company, of the par value of $100 each.   In December, 1895, an action was commenced in the supreme court by the defendants composing the firm of Isaacs & Co. against the plaintiff herein and others, David Calman being their attorney.   In such action an attachment was issued against the property of the plaintiff, and levied upon the said 53 shares of stock, which were then in the possession of the defendant Dittman as pledgee.   When the note became due, payment thereof was, at the plaintiff's request, extended by said Dittman, to which extension Isaacs & Co. consented, retaining the lien of their attachment upon the equity of the plaintiff over and above the amount of the note and interest.   An extension agreement was signed under seal by all the parties above mentioned (said David Calman acting as the attorney of the defendants Isaacs & Co.), by which the plaintiff agreed that Dittman should continue to hold such certificate, not only as security for the payment of the note, but also for the claim of Isaacs & Co.   When said note became due, it was presented at the Hanover National Bank, where it was made payable, and payment thereof demanded and refused, and thereupon the note was protested for nonpayment.   On the 28th of November, 1896, in the New York Times, and upon other dates, and in other papers, A. H. Muller & Co., auctioneers, published a notice headed, "Regular Auction Sale of Stocks and Bonds by Adrian H. Muller & Son, Wednesday, December 2nd."   The said notice contained a long list of stocks and other securities to be sold "for account of whom it may concern," including the following: · "53 shrs. United States Printing Co." On the 28th of November a copy of said notice, with lead pencil or ink marks opposite said item of "53 shrs. United States Printing Co." as contained in said notice, was sent by said David Calman, who was acting as the attorney of the defendant Dittman, through the mail, to the plaintiff, at his office, No. 255 Greenwich street, in the city of New York.   This notice the plaintiff claims not to have received. No other notice of the time and place of sale of said shares of stock was attempted to be given to the plaintiff by or on behalf of said defendant Dittman.   On the 2d of December, 1896, the defendant Dittman caused the said shares of stock to be sold at public auction through the firm of Adrian H. Muller & Son, and the same were at

such sale purchased by the defendants Isaacs & Co. Upon this state of facts the court below held that the notice of sale was insufficient and defective, and that the sale was, therefore, illegal and wrongful, and was a conversion of the stock by the defendant Dittman, and that the defendants Isaacs & Co. were not purchasers for value, without notice, because they were chargeable, through their attorney, with knowledge of the circumstances under which the sale was made, and of the proceedings attending the sale; and judgment was given against all the defendants, from which judgment this appeal is taken.

It seems to be perfectly clear that as to the defendant Dittman there was no compliance with the rules in respect to notice to the pledgor of an intended sale by the pledgee. In the notice to the plaintiff there was nothing to indicate an intention to sell his shares of stock, or that the sale was to be made to foreclose the pledge of these shares; nor was there anything to show that the plaintiff was in any way interested in the stock advertised to be sold. The rule is too well settled to need the citation of authorities that it is the duty of the pledgee, in foreclosing his pledge by sale, to give the pledgor notice of his intention so to do, and also to give him notice of the time and place of sale. Notice of a sale by a firm of auctioneers of a certain number of shares of a particular stock is by no means a compliance with this requirement. We think, however, that the referee erred in the conclusion at which he arrived, that, because David Calman was acting for the defendant Dittman in the foreclosure of the pledge, and was also the attorney for Isaacs & Co. in the attachment proceeding, therefore the firm of Isaacs & Co. was chargeable with the knowledge which Calman had of the circumstances under which the sale was made. The rule seems to be well settled that a client is not ordinarily chargeable with the knowledge which his attorney may have of a particular fact unless it is obtained in the conduct of the case or in the business of the client, or was present to his mind at the time. How far such knowledge is in any case to be imputed to the client depends upon the nature of the information, the existence of it in the mind of the attorney at the particular time, and the manner in which it was communicated. The party seeking to avail himself of the benefit of such knowledge must show all the facts and circumstances, whatever they may be, that are necessary to make it binding upon the client. Denton v. Bank, 150 N. Y. 126, 44 N. E. 781. In the case at bar there is no evidence whatever that Calman did anything in reference to this stock, as attorney for Isaacs & Co., after the extension had been signed,—six months before the sale took place. There is no evidence that he had any communication with them in regard to their becoming purchasers upon the sale, or that he acted in any way in connection with said sale as their attorney. It thus appears that whatever knowledge Calman had in regard to the irregularity of said sale was not acquired in any manner in the conduct of the business of his clients Isaacs & Co., and there is no evidence that he had any connection with the sale as their attorney, or that he advised them, or had any communication with them, in respect thereto. They were not chargeable, therefore, under the circumstances, with knowledge which Cal-

man had acquired when transacting the business of the defendant Dittman.

It seems to us that the judgment should be modified by directing judgment in favor of the defendants composing the firm of S. Isaacs & Co., with costs in the court below, and a judgment against the defendant Dittman for the sum of $3,304.20 besides the costs of the action, without costs of this appeal.    All concur.