THE MAGNUS BECK BREWING COMPANY, Plaintiff, *v.* PHILIP SETEL and Others, Defendants.

Supreme Court, Erie County, November 16, 1927.

Mortgages — foreclosure — deficiency judgment — purchasers from mortgagor assumed mortgage — agreement by mortgagee with grantees to extend time of payment without consent of grantor, discharges grantor — action of defendant's son in negotiating extension of mortgage cannot be imputed to defendant — complaint in so far as it asks for deficiency judgment against defendant, dismissed.

When a deed contains a covenant upon the part of grantees to pay a mortgage upon the premises executed by the grantor, the relation of principal and surety

is created between the parties and an agreement by the holder of the mortgage with the grantees to extend the time of payment, made without the consent of the grantor, discharges the grantor.

Accordingly, defendant mortgagor is entitled to a dismissal of the complaint in a foreclosure action in so far as it asks for deficiency judgment against him, where it appears that subsequent to defendant's execution of a contract to convey the mortgaged property to his grantees, under an agreement whereby they assumed and agreed to pay the mortgage, said grantees, without defendant's knowledge or consent, procured at their own request from the mortgagee an agreement extending the time of said mortgage.

The action of defendant's son, who was defendant's agent in selling and conveying the property, in negotiating the mortgage extension cannot be imputed to defendant, for he had no authority from his father to procure an extension of the mortgage and was merely acting for the purchasers.

MOTION by defendant mortgagor to dismiss complaint in foreclosure in so far as it asks for a deficiency judgment against him.

*Louis Braunlein,* for the plaintiff.

*Eugene Warner,* for the defendant Philip Setel.

CHARLES B. WHEELER, Official Referee.　This action is brought to foreclose a mortgage given by the defendant Philip Setel to the plaintiff dated April 25, 1920.　The plaintiff in its complaint asks for a personal judgment against the defendant Philip Setel for any deficiency which may arise on the sale of the property.

The defendant Philip Setel by answer alleges that he has been released from any personal liability on the bond and mortgage in question by reason of the facts hereinafter stated.　This is the only issue litigated in this action.　The bond and mortgage given bore interest at the rate of five per cent per annum, and by their terms became due and payable on the 25th day of April, 1925. After acquiring title to the property the defendant's son Isadore Setel, acting on behalf of his father Philip, made a written contract with the defendants Clemento Zuppo and Vencenzo Valente Zuppo, his wife, to sell and convey the property.　This contract purports to be a contract between the vendees and Isadore Setel, but Isadore Setel testified in so doing he acted for his father, Philip Setel, who carried out the contract by conveying pursuant to its terms.

By this contract the vendees agreed to buy the property subject to the existing mortgage, and assumed and agreed to pay the same. The deed given pursuant to this contract also contained a clause by which the grantees assumed and agreed to pay the mortgage. The contract and deed contained no provision for an extension of the mortgage.　The defendant Philip Setel placed the closing of the sale in the hands of his son Isadore Setel, who is an attorney and counselor of this court.

While so engaged the purchasers or the attorney who represented them stated to Isadore Setel in substance that they were somewhat uneasy owing to the fact that the mortgage would mature in the course of two years, and wondered if an extension of the mortgage could not be obtained. Of course, Mr. Setel, the attorney, was unable to say. The purchasers or their attorney, however, asked him to see the brewing company, the holder of the mortgage, and ascertain what could be done in that regard. He promised to do this, and went and saw the attorney for the brewing company. After some negotiations with him he obtained a proposition to extend the mortgage for five years provided the purchasers would agree to pay five and one-half per cent interest instead of five. Isadore Setel reported the proposition to the purchasers and they accepted it. Whereupon a formal written instrument was prepared and executed by the brewing company and the purchasers by which the mortgage was extended for five years at the rate of five and one-half per cent, and by the extension the purchasers agreed to pay the bond and mortgage in question. Isadore Setel, who was called as a witness for the plaintiff, testified to these facts, and also testified his father, Philip Setel, knew nothing about the procurement and giving of the extension agreement.

By virtue of these transactions the defendant Philip Setel contends he was released from personal liability on the bond and mortgage and that the plaintiff is not entitled to any judgment against him for any deficiency arising on the foreclosure sale.

There can be no question that the extension in question operated to release Philip Setel from personal liability provided it was procured and given without his knowledge and consent. (*Antisdel* v. *Williamson,* 165 N. Y. 372; *Paine* v. *Jones,* 76 id. 274; *Fish* v. *Hayward,* 28 Hun, 456; affd., on opinion below, 93 N. Y. 646; *Calvo* v. *Davies,* 73 id. 211.)

When Philip Setel conveyed the mortgaged property to his grantees and they agreed to assume and pay the mortgage, the grantees, as between them and the grantor, became the principal debtors and Philip Setel became surety for the payment of the mortgage debt. (*Murray* v. *Marshall,* 94 N. Y. 611; *Calvo* v. *Davies,* 73 id. 211; *Paine* v. *Jones,* 76 id. 274; *Feigenbaum* v. *Hizsnay,* 187 App. Div. 126, 129.)

The brewing company was advised of this before the execution of the extension agreement, and was bound in its dealings with the purchasers of the mortgage property to respect this relation between Setel and his grantees. With this knowledge the brewing company entered into an agreement with the purchasers from Philip Setel to extend the mortgage at an increased rate of interest.

In *Calvo* v. *Davies* (73 N. Y. 211) the court held that when a deed contains a covenant upon the part of the grantee to pay a mortgage upon the premises executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment made without the consent of the grantor discharges the grantor.

The same doctrine was applied in *Paine* v. *Jones* (76 N. Y. 274) where a mortgage contained a clause requiring the mortgagee to release a portion of the mortgaged premises on payment of a certain sum, and the mortgagor afterwards conveyed the property to a grantee who assumed and agreed to pay the mortgage and by a subsequent agreement without the knowledge or consent of the mortgagor the clause as to the release was abrogated. The court held that by the conveyance with the assumption agreement the grantee became the principal debtor, and the change in the terms of the mortgage operated to release the mortgagor from personal liability.

The rule laid down in *Calvo* v. *Davies* (73 N. Y. 211) has been followed and approved in *Spencer* v. *Spencer* (95 id. 353, 358); *New York Life Ins. Co.* v. *Casey* (81 App. Div. 92, 95); *Merrill* v. *Reiners* (14 Misc. 583, 585) and *Union Mutual Life Ins. Co.* v. *Hanford* (143 U. S. 187, 191).

It will be noted, however, that in the above cases the decisions were predicated upon the fact that the alteration or modification of the mortgages was made without the knowledge and consent of the mortgagors. In the present case, however, the plaintiff contends that the extension agreement executed by the plaintiff, the brewing company, was given with the knowledge and consent of Philip Setel, the mortgagor. The evidence is that Philip Setel had no personal knowledge of the transaction, but it is urged and agreed that his son and attorney did have such knowledge and personally procured the agreement, and that his knowledge and consent must be imputed to Philip Setel, the father, and is just as binding on him as though he had personally conducted the negotiations and obtained the extension.

This brings the referee to a discussion of what he deems to be the crucial question in the case.

It must be borne in mind that the contract between the seller and the purchasers contained no provision for any extension of the mortgage. The seller did not agree to procure such an extension. The closing of the sale did not depend in any way on the obtaining of such an extension. The purchasers by their contract were obligated to take and pay for the property without any such exten-

sion.   The matter of such an extension was purely an afterthought on the part of the purchasers.   There is no evidence that they had refused to carry out their contract to buy for want of such an extension, or of any claim on their part that Philip Setel or any one else was obligated to procure it.   Consequently the extension obtained from the brewing company was solely for the benefit of the purchasers, and not for the benefit of Setel, the mortgagor.   It was procured at their request and not at the request of Setel.

Mr. Isadore Setel, the son and attorney, was called as a witness for the plaintiff and he testified that he was approached by the purchasers and asked if such an extension could be procured.   He, of course, could not answer the question, and was then asked by the purchasers to see the brewing company and ascertain what could be done.   This he did with the result as heretofore stated. It seems to the referee that in doing what he did Isadore Setel acted entirely for and on behalf of the purchasers and not for his father, Philip Setel.   He reported to the purchasers and not to his father, who was not advised what he had done.   The decision to accept or reject the offer made by the brewing company rested entirely with the purchasers and not with Philip Setel.   Can it be fairly said that the knowledge obtained by Isadore Setel when acting as he did as attorney for the purchasers is to be imputed to the father for whom he acted simply to carry out the contract of sale?   Mere knowledge is not sufficient.   To bind the mortgagor, there must also be consent and approval by the mortgagor to the extension.   Knowledge that a third person was seeking an extension is not enough or that the brewing company proposed changing the terms of the mortgage cannot bind the mortgagor.   He was not called on to protest against such an agreement.   Mere silence cannot be construed as consent or approval under the circumstances. Having no actual knowledge of what was done, we are of the opinion the knowledge of Isadore Setel while acting for the purchasers cannot be imputed to Philip Setel or bind him.   What Isadore Setel did on behalf of the purchasers was entirely outside his authority or duties to his father, which were simply to close the sale made, and what he did solely for the purchasers cannot be regarded to have been done with the consent of the seller.

The authorities seem to confirm this view.

In *Comey* v. *Harris, No. 1* (133 App. Div. 686) it is said that the knowledge or information possessed by the broker must relate to and affect the client's interest and fall within the scope of his employment or agency.

Isadore Setel's agency and authority were confined to the carrying out of the contract to sell and convey to the purchasers.   He had no

authority from his father to negotiate or procure an extension of the mortgage. In doing this he acted entirely for the purchasers, and did not consult or inform his father who knew nothing about what was done. As generally bearing on the question as to how far the client is bound by notice to an attorney see *Hoover* v. *Greenbaum* (62 Barb. 188); *McCutcheon* v. *Dittman* (23 App. Div. 285); *Olyphant* v. *Phyfe* (48 id. 1); *Slattery* v. *Schwannecke* (118 N. Y. 543).

The referee is of the opinion in view of all the facts that the motion of the defendant Philip Setel to dismiss the plaintiff's complaint in so far as it asks for a deficiency judgment against him should be granted.

So ordered, and the decree asked by the plaintiff is in all other respects granted.