JOHN H. GRACE and Another, Plaintiffs, *v.* FRANCES R. WILSON and Others, Defendants.

Supreme Court, Albany County, March, 1931.

*Arthur B. Lamphier*, for the plaintiffs.

*McGovern & Cantwell* [*John J. McManus* of counsel], for the defendants Cantwell and Garry.

STALEY, J. This is an action of foreclosure. The bond and mortgage involved were given by the defendants Edgar D. Cantwell, Juliette E. Cantwell and John T. Garry, and became due by their terms on September 17, 1927. Subsequent to the date of said mortgage and in 1924, the mortgagors conveyed the property to " The Grace Laundering Corporation," and in such deed this corporation assumed and agreed to pay said mortgage. The property was again transferred by " The Grace Laundering Corporation " on July 26, 1927, to Jos. V. Lonergan, and by said deed said Lonergan likewise assumed and agreed to pay the mortgage in question. Incident to the transfer of the property to Lonergan, Henry Grace, the then mortgagee, by an instrument in writing,

extended for the benefit of said Lonergan the time of payment of said mortgage until September 16, 1930.

The sole issue presented is the effect of this extension upon the liability of the defendants who were the original mortgagors and signers on the bond for any deficiency judgement which may result on the sale of said mortgaged premises. The plaintiffs claim that they are liable for such deficiency and defendants assert that they have been discharged therefrom.

Nothing can be clearer both upon principle and authority than the doctrine that when the mortgagor conveys the property mortgaged and his grantee assumes the payment of the mortgage the grantee thereby becomes the principal debtor and the status of his grantor is changed to one of surety. (*Wagoner* v. *Brady*, 221 App. Div. 405; *Paine* v. *Jones*, 76 N. Y. 274, 278.)

By the transactions here disclosed the original mortgagors became sureties and as to them the mortgagee was under the obligation to respect their rights accordingly. The extension of the time of payment of the debt imposed a condition upon their liability which was fatal to the right of the mortgagee to now assert it.

The leading case on this subject is that of *Calvo* v. *Davies* (73. N. Y. 211), and in that case the rule is clearly stated as follows: " Where a deed contains a covenant, upon the part of the grantee, to pay a mortgage upon the premises, executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor, discharges the grantor."

This rule has been applied in many similar cases, and while different facts may vary the extent of its application, it remains absolute so far as the facts in this case are concerned.

As to the defendants Juliette E. Cantwell and John T. Garry, there is no evidence of consent on their part to the extension and no evidence that they had knowledge of it until subsequent to its execution and operation.

The plaintiffs claim, however, that the facts justify a conclusion that Edgar D. Cantwell consented to this extension of time of payment and thereby became bound by it. The evidence does not sustain that contention. Giving the evidence the effect most favorable to the plaintiffs, the most that can be said is that the defendant Edgar D. Cantwell had knowledge of the extension at the time of its execution and delivery.

Mere knowledge is not sufficient to bind him. His continued liability requires an active concurrence in the terms of such exten-

sion. While he is not required to protest to protect his rights, mere silence cannot be construed as consent. (*Beck Brewing Company* v. *Setel*, 130 Misc. 705.)

Findings of fact and conclusions of law may be presented accordingly dismissing the complaint as to the defendants Edgar D. Cantwell, Juliette E. Cantwell and John T. Garry, with costs, and providing for the further proceedings in the action as against the other defendants.