MECUM v. BECKER.    (No. 6402.)

(Supreme Court, Appellate Division, First Department.   November 20, 1914.)

1. JUDGMENT (§ 888*)—JOINT TORT-FEASORS—RELEASE—COVENANT NOT TO
   SUE.
       Plaintiff, having recovered a judgment in an action for fraud and de-
   ceit against four joint tort-feasors, executed a general release under seal
   discharging two of them, providing that nothing contained in the release
   should be construed to discharge any right or claim or judgment which
   plaintiff had against the other two, either by reason of the judgment or
   any other reason whatever, it being expressly understood that plaintiff
   reserved to herself all right in and to the judgment and the claim on
   which it was obtained against such others, and that it was not her inten-
   tion to release them in any manner whatsoever.   Held, that such release
   was a covenant not to sue or further pursue the defendants released,
   and not a technical release, and therefore did not operate as a discharge
   of all the joint debtors.
       [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1667;  Dec.
   Dig. § 888.*]

2. JUDGMENT (§ 888*)—EFFECT—JOINT TORT-FEASORS—"JOINT DEBT"—STAT-
   UTES.
       Where a judgment is recovered against several joint tort-feasors, the
   judgment turns the cause of action into a "joint debt," within Debtor and
   Creditor Law (Consol. Laws, c. 12) §§ 230–233, providing that a joint
   debtor may make a separate composition with his creditor without re-
   leasing the others.
       [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1667;  Dec.
   Dig. § 888.*]

Appeal from Special Term, New York County.

Action by Elizabeth A. C. Mecum against C. Adelbert Becker and
others.  From an order denying a motion of defendant Becker to vacate
a judgment against him because of the release of other defendants, he
appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Louis Marshall, of New York City, for appellant.
Louis O. Van Doren, of New York City, for respondent.

SCOTT, J.  On February 14, 1914, plaintiff recovered a judgment
in an action for damages for fraud and deceit against this appellant and
Juan Mooyer, Russell Marston, and Thomas Collins.  Collins did not
appeal, but this defendant and Mooyer and Marston did, and gave
security.  On July 27, 1914, Mooyer and Marston effected a compromise
with plaintiff, paying her about one-fifth of the face of the judgment,
and taking from her a general release under seal, which contained the
following clause:

"Nothing in this release shall be so construed as to release any right or
claim or judgment that I may have against the defendant C. Adelbert Becker
or against the defendant Thomas Collins, either by reason of the judgment
aforesaid or by any other reason whatsoever; and it is expressly understood
that I reserve to myself all my right in and to the said judgment and the
claim upon which the said judgment was obtained against the said C. Adel-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bert Becker and Thomas Collins, and that it is not my intention to release them in any manner whatsoever."

Plaintiff at the same time executed a satisfaction piece of the judgment as to said Mooyer and Marston, and signed a consent to discontinue the action as to them. Both of these documents contained a reservation similar in language and effect to that contained in the general release quoted above.

[1] The defendant Becker now moves that the judgment be canceled as to him upon the ground that defendants, if liable at all to plaintiff, were liable as joint tort-feasors, and that the release of one joint tort-feasor by an instrument under seal operates as a release of all. That this is the general rule is unquestioned, but the rigor of the rule is relaxed when, as in the present case, the creditor expressly reserves the right to pursue the joint tort-feasors who have not been in terms released. The rule applicable in such a case is stated by the Court of Appeals to be that where the release contains no reservation it operates to discharge all the joint tort-feasors; but where the instrument expressly reserves the right to pursue the others, it is not technically a release, but a covenant not to sue, and they are not discharged. Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623; Walsh v. N. Y. Cen. & Hudson River R. R. Co., 204 N. Y. 58, 97 N. E. 408, 37 L. R. A. (N. S.) 1137.

[2] The appellant, conceding the rule as above stated, insists that it is inapplicable to the present case, because here the release was executed after judgment, and therefore cannot be construed as a covenant not to *sue*, which is the word used in the cases cited. This is too narrow an application of the rule. To so apply it would be to sacrifice its reason to its language. What the rule means is that a release with such a reservation will be construed as a covenant not to further pursue the party who has been released. Furthermore, upon the rendition of the judgment, the defendants' obligation to plaintiff was transformed technically into a contract liability. The foundation of the claim may have been a tort, but the judgment created a joint debt, to which sections 230 to 233 of the Debtor and Creditor Law apply.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.