(169 App. Div. 604)

### In re ABO SAMRA et al. (No. 7753.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. COMPOSITIONS WITH CREDITORS ⬌16—PARTIES TO COMPOSITIONS.

Petitioners, being unable to meet their obligations, entered into a composition agreement with their creditors, which provided that any creditor could become a party thereto, and that those participating therein were to release the petitioners. Thereunder their property was taken over by a creditors' committee, and such committee mailed to a bank holding a judgment against petitioners and another party, but which did not execute the composition agreement, checks for the first and the final dividend, stating that they were in full settlement and discharge of all claims against the petitioners. The bank received and accepted the checks, and presumably used them, and returned a receipt acknowledging payment of the first and final dividends. *Held*, that the bank, by receiving, retaining, and receipting for the checks, became bound by the composition agreement, and became subject to Debtor and Creditor Law (Consol. Laws, c. 12) § 230, providing that a joint debtor may make a separate composition with a creditor, and that the creditor must execute to the compounding debtor a release of the indebtedness or other instrument exonerating him therefrom, and hence petitioners were entitled to a release of the judgment as against them.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. §§ 45, 46; Dec. Dig. ⬌16.]

2. COMPOSITIONS WITH CREDITORS ⬌8—OPERATION AND EFFECT.

The rule that there is no consideration for the release of a debt by payment of only part of the amount, when the whole is conceded to be due and owing, has no application to a composition between a debtor and his creditors.

[Ed. Note.—For other cases, see Compositions with Creditors, Cent. Dig. § 8; Dec. Dig. ⬌8.]

Appeal from Special Term, New York County.

Application by Nicola Abo Samra and another for an order releasing them from the lien of a judgment obtained by the Public Bank of New York City. From an order denying their motion for an order releasing as against them the lien of such judgment, petitioners appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. Walter Beebe, of New York City, for appellants.
Henry L. Moses, of New York City, for respondent.

LAUGHLIN, J. [1] The judgment was recovered by default on the 8th day of December, 1914, against one Horne, as maker, and the petitioners, as indorsers, of a promissory note. The petitioners were copartners, and shortly after they indorsed the note, and before it be-

came due, they became unable to meet their obligations, and in the month of November, 1913, entered into a composition agreement with their creditors; but the agreement was not executed by the bank. The composition agreement contemplated that all the assets of the copartnership should be, and they were, taken over by a creditors' committee, which was authorized to liquidate the business and to form a corporation for the better accomplishment of liquidation. The bank must have known this, for on the 8th day of June, 1915, it wrote a letter to the attorney for the creditors' committee, requesting to be advised whether the bank would receive the 10 per cent. dividend declared by the creditors' committee, as well as any dividend that might be declared subsequently, and he received an answer, under date of June 10, 1915, stating that, if the bank desired the benefit of any dividend in full compromise of its claim, the attorney for the committee would recommend that a check for the dividend be drawn to the order of the bank. Without awaiting the receipt of an answer to this letter, the creditors' committee on the next day, June 11, 1915, through their attorney, forwarded to the bank two checks for the first and final dividends, with a letter, entitled "Re Abo Samra & Cotait, Inc.," as follows:

"Inclosed find checks in payment of first dividend of 10 per cent. and of final dividend in this matter, and in full settlement and discharge of all claims against the corporation and also of the old firm of Abo Samra & Cotait. Please acknowledge receipt in inclosed stamped envelope, either as subjoined or by separate note, and oblige."

The bank received and accepted the checks, and executed and returned the receipt subjoined to the letter, in the following form:

"Received check for first dividend of 10 per cent. equal to $200.00. Received final dividend check for $132.66, as above."

The bank has retained and presumably has used the checks. Two days after the bank returned the receipt, its attorney wrote the attorney for the committee, requesting to be advised as to the nature of the composition agreement, and as to whether all of the creditors, with the exception of the bank, had agreed to release their claims. It appears that the creditors' committee, pursuant to authority vested in it by the composition agreement, has released the claims of those creditors who participated in that agreement. The bank was thereafter requested to execute a release of the judgment as against the petitioners, and upon its refusal they applied for the order, and from the denial of their motion they have appealed.

The motion is based on the provisions of section 230 of the Debtor and Creditor Law, which, so far as material, provides as follows:

"A joint debtor may make a separate composition with his creditor. Such a composition discharges the debtor making it; and him only. The creditor must execute to the compounding debtor a release of the indebtedness or other instrument exonerating him therefrom. A member of a partnership cannot thus compound for a partnership debt, until the partnership has been dissolved by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership."

By the terms of the composition agreement, any creditor could become a party thereto, and those participating therein were to release the petitioners. It is insisted in behalf of the bank that it did not execute and is not bound by the composition agreement. I am of opinion that the bank, by thus receiving, retaining, and receipting for the checks from the committee of the creditors—from whom it was only entitled to share in assets upon becoming bound by the composition agreement—became subject to the provisions of the statute quoted.

[2] The authorities upon which the learned counsel for the respondent relies, holding that there is no consideration for the release of a debt by payment of only part of the amount, when the whole is conceded to be due and owing, have no application to a composition between a debtor and his creditors. See White v. Kuntz, 107 N. Y. 519, 14 N. E. 423, 1 Am. St. Rep. 886; Chemical Nat. Bank v. Kohner, 85 N. Y. 189; Baxter v. Bell, 86 N. Y. 195; Hanover Nat. Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607; Marx v. Janes, 36 Hun, 292; Mecum v. Becker, 164 App. Div. 852–854, 149 N. Y. Supp. 974. No question is presented with respect to the form of the relief to be granted, provided the statute is applicable, and therefore that need not be here considered.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.