WILLIS S. PAINE as Receiver, etc., Appellant, v. J. WYMAN JONES, Impleaded, etc., Respondent.

Defendant J. executed his bond, secured by mortgage, upon certain lands, which contained a clause, giving the mortgagor the privilege of requiring from the mortgagee a release of any portion of the mortgaged premises at any time, upon making certain specified payments. J. conveyed the lands, subject to the mortgage, which the grantee assumed and covenanted to pay. By an agreement thereafter made between the grantee and the holder of the mortgage, who had notice of the deed and its covenants, without the consent or knowledge of J., this clause was abrogated. In an action to foreclose the mortgage, in which it was sought to hold J. liable for any deficiency, *held*, that the bond and mortgage together constituted the contract; that as between J. and his grantee, the latter became the principal debtor, and the former the surety; that the holder of the security having knowledge of this relation was bound by it, and under an equitable obligation to do nothing to affect it; and that the release of the privilege was such an alteration of the contract as relieved J. from liability.

(Argued January 31, 1879; decided February 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant Jones, entered upon a decision of the court on trial at Special Term. (Reported below, 14 Hun, 577.)

This action was brought by plaintiff, as receiver of the Bond Street Savings Bank, to foreclose a mortgage executed by defendant Jones.

The facts appear sufficiently in the opinion.

*Rastus S. Ransom*, for appellant. The bond is the contract here, and as its terms were not altered, and no injury done to defendant by any act of the obligee in changing the form of the security, he remained liable for any deficiency. (*Kingsbury* v. *Westfall*, 61 N. Y., 356; *Goodwin* v. *Simonson*, 18 Alb. L. J., 199; *Merritt* v. *Bartholick*, 36 N. Y., 44; *People* v. *Vilas*, id., 460; *Elwood* v. *Diefendorf*, 5 Barb.,

409; *Williams* v. *Townsend*, 1 Bosw., 411; *Remsen* v. *Graves*, 41 N. Y., 471; *Cary* v. *White*, 52 id., 138.) An alteration in a contract to discharge a surety must be material as to him. (*People* v. *Muzzy*, 1 Denio, 239; *Herrick* v. *Malin*, 22 Wend., 388; *Wilson* v. *Edwards*, 12 Hun, 521; 67 N. Y., 591; *Grant* v. *Smith*, 46 id., 93, 96; *Clagett* v. *Salmon*, 5 G. & J. [Md.], 314; *Curtis* v. *Hubbard*, 6 Met. [Mass.], 186; *Sanderson* v. *Astor*, L. R. [8 Exch.[, 73; *Kirby* v. *Studebaker*, 15 Ind., 45; *Gahn* v. *Niemcewicz*, 11 Wend., 312, 318, 321, 323; *Moore* v. *Paine*, 12 id., 126; *Bangs* v. *Strong*, 10 Paige, 16; *Vose* v. *Fla. R. R. Co.*, 50 N. Y., 369; *Blydenburgh* v *Bingham*, 38 id., 374; *La Farge* v. *Herter*, 11 Barb., 159; *Hayes* v. *Ward*, 4 J. Ch., 123; *Kingsbury* v. *Williams*, 53 Barb., 154; *King* v. *Baldwin*, 2 J. Ch., 559.)

*Dwight Arven Jones*, for respondent. A bond and mortgage, given at the same time, in regard to the same subject-matter, and by and to the same party, constitute one contract. (*Wing* v. *Cooper*, 37 Vt., 178; *Coldham* v. *Showter*, 3 C. B., 312; *Makepiece* v. *Harv. College*, 10 Pick., 298; *Hills* v. *Miller*, 3 Paige, 254; *Cornell* v. *Todd*, 2 Denio, 130; *Rogers* v. *Kneeland*, 10 Wend., 218; *Pepper* v *Haight*, 20 Barb., 429; 2 Parsons on Cont., 503; 2 Washburn on Real Prop. [3d ed.], 46; *Atwood* v. *Jurpon*, 5 C. E. Gr. [N. J.], 150; *Draper* v. *Snow*, 20 N. Y., 331; *Rogers* v. *Smith*, 47 id., 324; *Marsh* v. *Dodge*, 66 id., 537; Jones on Law of Mortgages, §§ 71, 72; *Chick* v. *Willets*, 2 Kans., 284; *Round* v. *Donnell*, 5 id., 54; *Crafts* v. *Crafts*, 3 Gray [Mass.], 360; *Somersworth S. Bk.* v. *Roberts*, 38 N. H., 22; *Bassett* v. *Bassett*, 10 id., 64; *Boody* v. *Davis*, 20 id., 140; *Muzzy* v. *Knight*, 8 Kans., 456; *Schoonmaker* v. *Taylor*, 14 Wis., 313.) The defendant, after the transfer of April 30, 1870, to Guthrie, was a surety only for the payment of the mortgage debt, Guthrie being the principal debtor. (*Cornell* v. *Prescott*, 2 Barb. Chy., 16; *Russell* v. *Pistor*, 3 N. Y., 171; *Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id., 595; *Rubens* v. *Prindle*, 44 Barb., 336; *Tripp* v. *Vincent*, 3 Barb.

Chy., 613; *Jumel* v. *Jumel*, 7 Paige, 591; *Blyer* v. *Monhol-land*, 2 Sandf. Chy., 478; *Ferris* v. *Crawford*, 2 Denio, 295; *Johnson* v. *Zink*, 52 Barb., 396; *Burr* v. *Beers*, 24 N. Y., 178; *Hartley* v. *Harrison*, 24 id., 171; *Beekman* v. *Remsen*, 25 id., 552; *Bentley* v. *Vanderheyden*, 35 id., 677; *Garnsey* v. *Rogers*, 47 id., 233; *Thorp* v. *Keokuk C. Co.*, 48 id., 253, *Flower, Guardian*, v. *Lance, Ex.*, 59 id., 603; *Comstock* v. *Drohan*, Ct. Appls., October 2, 1877; *Caloo* v. *Davies*, 8 Hun, 222; Ct. Appls., April 2, 1878.) Being a surety the defendant was discharged from his liability for the mortgage debt, by the agreement of June 14, 1870, which agreement varied his contract, and was made without his consent. *Gohn* v. *Niemcewicz*, 11 Wend., 32; *Colemand* v. *Lamb*, 31 id., 324; *Henderson* v. *Marvin*, 31 Barb., 297; *Miller* v. *Stewart*, 9 Wheat., 680; *Smith* v. *U. S.*, 5 Md., 102; *Pooley* v. *Howardine*, 7 El. & Bl., 431; *Oriental Fin. Corp'n* v. *Over-end, Gurney and Co.*, L. R., 7 Chy. App., 142; *Millard* v. *Thorne*, 56 N. Y., 402; *Colgrove* v. *Tallman*, 67 id., 95; *Pennoyer* v. *Watson*, 16 J. R., 100; *Walsh* v. *Bailie*, 10 id., 100; 1 Story's Eq., 349; *Mayhew* v. *Boyd*, 2 Wall., 219; *Bagley* v. *Clarke*, 7 Bosw., 94; *Wilson* v. *Edwards*, 6 Lans., 134; *Ludlow* v. *Simond*, 2 Caine's Cas., 1; *Bangs* v. *Strong*, 7 Hill, 250; *Miller* v. *McCan*, 7 Paige, 452; *Grant* v. *Smith*, 46 N. Y., 93; *Western N. Y. L. Ins. Co.* v. *Clinton*, 66 id., 326; *Caloo* v. *Davies*, Ct. Appls., April, 1878.) The surety was discharged from his liability, whether the contract was changed for his benefit or the reverse. (*Miller* v. *Stewart*, 9 Wheat., 680; *Grant* v. *Smith*, 46 N. Y, 93, 95; *Bangs* v. *Strong*, 7 Hill, 250; *Western N. Y. L. Ins. Co.* v. *Clinton*, 66 id., 326; *Caloo* v. *Davies*, Ct. Appls., April, 1878.)

DANFORTH, J. There is no dispute about the facts in this case. They have been found by the court at Special Term, and the appellant concedes that they are supported by the evidence. So far as they concern the question involved in this appeal, they are as follows : On the 1st day of December, 1868, the defendant, Jones, executed to one Baker his

bond and mortgage for $50,000, payable November 1, 1873, to secure the payment of so much of the purchase-money of certain premises described in the mortgage. Through various mesne assignments the bond and mortgage became the property of one Wright, and he, on the 9th of April, 1870, assigned them as collateral security to the Atlantic Savings Bank. On the 30th day of April, 1870, Jones and wife conveyed, by deed, the premises to Guthrie, and in and by the covenant therein Guthrie assumed the mortgage and agreed to pay it. The mortgage declared that "the mortgagor, his heirs and assigns, shall have the privilege of requiring from the party of the second part, his heirs or assigns, at any time before its payment, and as often as the same shall, from time to time, be desired, a release of any portion or portions of the mortgaged premises, upon the payment of an amount equal to the sum of $300 per acre, and at that rate for any part of an acre embraced in the portion or portions for which a release is so signed, or at the option of the party of the first part, in lieu of the payment of such sum, upon the execution by him or his assigns of a first mortgage to the party of the second part, for the same amount upon the property, or portion of which a release is so required." On the 14th day of June, 1870, an agreement in writing was entered into between Wright, Guthrie and the Atlantic Savings Bank, by which the clause in regard to releases, above referred to, was abrogated, without the knowledge or consent of Jones. On the 9th of December, 1872, the Atlantic Bank, by purchase from Wright, became the sole owner of the bond and mortgage. June 7, 1873, the name of the Atlantic Savings Bank was changed to "The Bond Street Savings Bank," and default having been made in payment of the moneys secured by the bond and mortgage, this action was commenced by the bank, and afterwards the present plaintiff was appointed its receiver, and continued the action. A judgment against Jones was asked for any deficiency which might arise on a sale of the mortgaged premises. He defended and relied upon the release

above set out as such an alteration of the mortgage as relieved him from liability. The court at Special Term gave judgment in his favor, which the General Term affirmed.

We think no error was committed in thus deciding.

The bond and mortgage were given at the same time — were between the same parties and intended to secure the payment of the same sum of money. Together they constitute one contract, and thus express the measure, and define the terms, of the liability of Jones and the conditions on which it might be discharged. (*Marsh* v. *Dodge and others*, 66 N. Y., 533; *Rogers* v. *Smith*, 47 id., 324.) It is equally well settled that by the acceptance of a deed conveying premises subject to a mortgage which the grantee assumes and agrees to pay he becomes, as between himself and the grantor, the principal debtor and the grantor the surety. (*Cornell* v. *Prescott*, 2 Barb. [Sup. Ct. Rep.], 16; *Comstock* v. *Drohan*, 71 N. Y., 12.)

The holder of the security had notice of the deed and its covenants, and was bound by this relation and under an equitable obligation to do nothing to affect or alter rights of the surety. In *Calvo* v. *Davies* (8 Hun, 222), the court say: "The rule is absolute that there shall be no transaction with the principal debtor without acquainting the person who has a part interest in it." Upon appeal to this court the judgment in that case was affirmed (see 73 N. Y., 211), and is decisive upon the case before us. The facts were similar, and the relation of the parties the same. In view of that decision, a further discussion upon this point is unnecessary.

The respondent's counsel, however, contends with much earnestness that the alteration made by the creditor and principal debtor is not material, and therefore does not injuriously affect the surety. That it changes the contract is very plain, and it does not seem necessary to inquire what mischief the alteration might produce or how it might be prejudicial to the surety. The law requires that if there is any agreement between the principals with reference to a contract to the performance of which another is bound as

surety, he ought to be consulted in regard to any proposed alteration, and if he is not or does not consent to the alteration he will be no. longer bound, and the court will not inquire whether it is or not to his injury. (*Grant* v. *Smith*, 46 N. Y., 93; *Bangs* v. *Strong*, 7 Hill, 250; *Calvo* v. *Davies*, 8 Hun, 222; affd. in Ct. of App., 73 N. Y., p. 211.)

The bond and mortgage prescribed the specific terms, on the observance of which his liability was to depend. In such a case every change or alteration is material (*Ludlow* v. *Simond*, 2 Cai. Ca. in Error, 57; *Rees* v. *Berrington*, 2 Vesey, 540), and as it is a fact in this case that the surety never consented to the alteration in the mortgage, and did not know of the same, the decision of the court below was correct and its judgment should be affirmed, with costs.

All concur.

Judgment affirmed.