(31 Abb. N. C. 52; 23 Civil Proc. R. 264.)

UNITED STATES TRUST CO. OF NEW YORK v. SCHLIEP et al.

(Supreme Court, Special Term, Kings County.   November, 1893.)

MORTGAGES—FORECLOSURE—AMENDMENT OF JUDGMENT.
   A judgment of foreclosure cannot, after sale thereunder, be amended
by inserting a provision for a deficiency on the sale.

   Action by the United States Trust Company of New York, as substituted trustee, against Louis C. Schliep and others, to foreclose a mortgage made by defendant Schliep on premises in Brooklyn. The complaint demanded a deficiency judgment against defendant Schliep.   Judgment was taken by default after defendant had appeared in the action, but no provision was made therein for a deficiency.   On the sale of the premises under the judgment of foreclosure, there was a deficiency amounting to $435.34.   Plaintiff now moves to amend the judgment by inserting therein a deficiency clause.   Denied.

   Edward W. Sheldon, for plaintiff.

   (1) The relief sought for is within the power of the court to grant, and has been allowed before in similar cases.   See Code Civ. Proc. § 723: "The court may, after judgment in furtherance of justice, and as it deems best, amend any process, pleading, or other proceeding."   In case of. Sprague v. Jones, 9 Paige, 395, which was a suit for foreclosure of a mortgage, and in which the plaintiff's counsel had omitted to ask for a judgment of deficiency against a defendant who was personally liable, the chancellor said: "An additional order or decree must be entered, as a consequential direction upon what is contained in the decree as enrolled, rendering the defendant Graham personally liable for the deficiency."   In Bank v. Morton, 67 N. Y. 199, where the judgment had been entered against two defendants only, the court allowed an amendment so that it should be against the third defendant.   In Wood v. Martin, 66 Barb. 241,—an action to foreclose a mortgage,—the judgment was amended by changing the description after the sale had taken place. In the case of New York Ice Co. v. Northwestern Ins. Co., 21 How. Pr. 296, on a motion to amend the judgment, Comstock, C. J., said: "It is suggested in the opposing papers that the judgment has become perfect and final before the motion was made.   I do not see the force of this suggestion.   The judgment was perfect as soon as pronounced and entered.   It would become final when the time for appealing should expire.   I think the power of the court to modify or amend the judgment cannot be questioned."
   (2) A judgment of foreclosure and sale is necessarily interlocutory in character.   The amendment sought by this motion would not, in ordinary chancery practice, as followed in the federal and many state courts, be needed, since the order granting a judgment of deficiency is customarily entered only after the amount of the deficiency is ascertained on the filing of the master's or sheriff's report.   Under the practice in New York, the direction for a deficiency in the foreclosure judgment is purely contingent, and its omission does not prevent the court from making a proper order as soon as the essential facts are acquired.
   (3) The amendment sought for in this action is in furtherance of justice. The defendant Schliep was duly served with the summons and complaint. The complaint so served demanded a judgment of deficiency against him. He appeared herein by attorney, and waived service of all papers, except notice of sale and as to surplus money.   He made default in pleading, and the judgment, with notice of entry, was never served on him, although the notice of sale was.
   (4) The motion should be granted.

Charles Coleman Miller, for defendants.

(1) By entering judgment without obtaining decree of deficiency against defendant, plaintiff discharged defendant from personal liability. See the case of Insurance Co. v. Hoyt, 15 Wkly. Dig. 489. This was an appeal by the defendant, Hoyt, from a judgment of foreclosure and sale. The trial court had found that plaintiff was entitled to a personal judgment against Hoyt for any deficiency, but the judgment was entered without relief, as against Hoyt, for the deficiency. In rendering the opinion at general term, Cullen, J., held "that, by entering judgment without making Hoyt liable for the deficiency, the plaintiff discharged Hoyt from such liability."

(2) Plaintiff's motion is made too late. It should have been made before the sale. See the case Fleishhauer v. Doellner, 9 Abb. N. C. 372, where, on a motion to correct a judgment of foreclosure and sale, Van Vorst, J., said: "I am of opinion that the motion comes too late. If there was anything wrong in the judgment, relief should have been asked before the sale was made, following its terms."

(3) Courts can allow amendments only "in furtherance of justice." Code Civ. Proc. § 723. To grant an application of this kind would be unjust and inequitable. The defendant's position is changed, to his prejudice, by reason of plaintiff's error; and an amendment should not be allowed, to the injury of the defendant. A defendant has a right to rely on the judgment of foreclosure and sale as finally determining the issues and liabilities and rights of parties. If such judgment fails to provide for the payment by a defendant of a deficiency, he has no further concern in the matter, and is not interested in having the property sold to the best advantage, or in buying it in himself to save a deficiency judgment. It would therefore be inequitable to make a defendant liable for a deficiency, when, were it not for the mistake of the plaintiff, defendant might be able to, and in most cases would, prevent any deficiency. It is no answer to this to say that defendant was liable under the mortgage, and did not deny it by answer, but committed default in pleading. True, up to the entry of judgment, he could not complain of or deny his liability; but when plaintiff has practically discharged defendant, by failing to enter a decree of deficiency against him, such defendant (especially one who has transferred the property to another, who assumed the mortgage, as in this case) might well rely on plaintiff's decree (prepared and entered by his own counsel), and assume that the plaintiff intended to buy in the property, or see that it was properly bought in, and looked only to the property, or to defendant's grantee, for the amount of his claim.

(4) The motion should be denied, with costs.

CULLEN, J. I do not think this application should be granted after sale. Motion denied.

---

(7 Misc. Rep. 471.)

### In re PO.

#### (City Court of Albany. March, 1894.)

ALIENS—NATURALIZATION—BURMESE.

    The Burmese, being of the Mongolian race, are not within Rev. St. U. S. § 2169, declaring that the naturalization laws shall apply only to "aliens being free white persons, and to aliens of African nativity, and to persons of African descent."

Application by San C. Po for naturalization under the laws of the United States. Denied.

Samuel S. Hatt, for petitioner.

DANAHER, J. San C. Po, an alien, petitions that he may be admitted to become a citizen of the United States. It appears.