ANNA WAGONER, Executrix, etc., of WILLIAM L. WAGONER, Deceased, Respondent, *v.* JOHN H. BRADY, Appellant, Impleaded with NEWTON J. VAN WORMER and Others, Defendants.

Third Department, July 1, 1927.

**Mortgages — liability of mortgagor and subsequent owner assuming payment of mortgage — subsequent purchaser and mortgagor are principal and surety — release of purchaser without consent of mortgagor releases mortgagor — same rule applies where release takes place after deficiency judgment in foreclosure is procured.**

A mortgagor who sells the mortgaged property to a person who assumes the payment of a mortgage is released from a deficiency judgment entered on a foreclosure of the mortgage, where, after the foreclosure sale at which the mortgagee bought in the property, the property is resold to the person assuming the mortgage under an agreement releasing said person from his liability on the deficiency judgment, without the consent of the mortgagor. The mortgagor and a person who assumes the mortgage occupy the position of surety and principal.

DAVIS, J., dissents, with opinion.

APPEAL by the defendant, John H. Brady, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 22d day of March, 1927, granting plaintiff permission to issue an execution on a judgment rendered in this action against the appellant.

*John T. Cook* [*John J. McManus* of counsel], for the appellant.

*Carl J. Weiss* [*E. Hamilton Smith* of counsel], for the respondent.

Cochrane, P. J. The appellant Brady, being the owner and mortgagor of certain real estate, conveyed the same to the defendant Van Wormer who assumed the payment of the mortgage. The present action was brought by plaintiff as mortgagee to foreclose the mortgage. Under the judgment of foreclosure and sale herein plaintiff became the purchaser of the property. She also recovered a judgment of deficiency herein against both Brady and Van Wormer. That was in the year 1918. In the year 1923 plaintiff conveyed the property back to said Van Wormer and without the consent of Brady executed to Van Wormer a release from said judgment of deficiency. More than five years having elapsed since the recovery of the judgment, plaintiff now moves for leave to issue execution thereon against the defendant Brady.

It is well established in this State that when a mortgagor of real estate conveys it and his grantee assumes the payment of the mortgage the relationship of principal and surety is created between them, the grantee becoming the principal debtor and the grantor becoming surety for the payment of the mortgage indebtedness. (*Hyde* v. *Miller*, 45 App. Div. 396; *Calvo* v. *Davies*, 73 N. Y. 211; *Paine* v. *Jones*, 76 id. 274, 278; 20 Am. & Eng. Ency. of Law [2d ed.], 997, 998.)

In *Calvo* v. *Davies* (73 N. Y. 211) the headnote correctly expresses the rule as follows: " Where a deed contains a covenant, upon the part of the grantee, to pay a mortgage upon the premises, executed by the grantor, the relation of principal and surety is created between the parties, and an agreement by the holder of the mortgage with the grantee to extend the time of payment, made without the consent of the grantor, discharges the grantor."

By the creation of this relationship there was offered to the plaintiff the pecuniary responsibility of an additional debtor for the same indebtedness. Her acceptance of Van Wormer as her debtor did not of course affect the liability of Brady to herself. That remained precisely the same after his conveyance to Van Wormer as before. Plaintiff might have entirely ignored Van Wormer. It was her right and privilege to pursue either or both of her debtors. But when she accepted Van Wormer as an additional debtor as she did when she procured a judgment against him she knew she was dealing with him as a principal and she could not deal with him in such a way as to impair or prejudice the rights of the surety Brady.

In *Grow* v. *Garlock* (97 N. Y. 81) the headnote is as follows:

" Where, as between themselves, two debtors stand toward each other in the relation of principal and surety, and this is known to the creditor, he is bound to respect such relationship, no matter how or when it arose, or whether he consented to it or not, and, although by the terms of the obligation held by him, the real surety occupies the position of principal."

The question has not become academic because the mortgage debt has been reduced to judgment. Plaintiff was entitled to judgment against both debtors and there was no occasion for Brady to raise the question until his rights were invaded. However, that the relationship survives the judgment and that the question may be raised thereafter seems to be settled by the authorities. (*Bangs* v. *Strong,* 4 N. Y. 315; *Marsh* v. *Benedict,* 14 Hun, 317, 320; *Bostwick* v. *Scott,* 40 id. 212, 214; *Townsend* v. *Whitney,* 75 N. Y. 425; *S. C.,* 15 Hun, 93, where the case of mere joint debtors is distinguished.)

When Brady pays this judgment he is entitled to be subrogated to the rights of the plaintiff and to an assignment of the judgment and to enforce it against Van Wormer. (*Ellsworth* v. *Lockwood,* 42 N. Y. 89, 98; *Townsend* v. *Whitney,* 15 Hun, 93; affd., 75 N. Y. 425; *Bostwick* v. *Scott,* 40 Hun, 212, 214.) This right of subrogation plaintiff destroyed when she released Van Wormer. By that act Brady, as the surety of Van Wormer, became discharged from liability on the judgment under well-established rules pertaining to the relationship of principal and surety.

The order should be reversed.

VAN KIRK, McCANN and WHITMYER, JJ., concur; DAVIS, J., dissents, with an opinion.

DAVIS, J. (dissenting). Plaintiff had judgment against defendant Brady and one Van Wormer for deficiency on mortgage foreclosure, amounting to $2,148.19. It was docketed in the Albany county clerk's office January 10, 1918. The plaintiff applied on notice at Special Term December 18, 1926, for leave to issue execution, more than five years having elapsed since the entry of said judgment. The application for leave was made only as to defendant Brady, the defendant Van Wormer having been released. The application was resisted by Brady, but the order was granted and this appeal was taken.

The facts out of which the controversy arose are as follows: The property was conveyed to Brady October 2, 1911, by plaintiff's testator, and mortgage was given by Brady for a portion of the purchase price. On April 1, 1915, Brady conveyed the property to Van Wormer, who assumed and agreed to pay the mortgage.

Thereafter the mortgage was foreclosed. The plaintiff purchased the property on the foreclosure sale and entered a judgment for deficiency against both Brady and Van Wormer, who were made defendants. On March 31, 1923, the plaintiff conveyed the property to Van Wormer, at the same time releasing Van Wormer from the deficiency judgment and taking a new mortgage to secure a part of the purchase price. Subsequently this mortgage was assigned to the father of Van Wormer, although that fact does not seem to be material.

The assumption of the mortgage by Van Wormer did not affect the liability of Brady to the mortgagee. He could have sued Brady on the bond. (*Marshall* v. *Davies,* 78 N. Y. 414; *Schenectady Savings Bank* v. *Ashton,* 205 App. Div. 781.) By his agreement to pay Van Wormer became personally liable to the mortgagee. As to the latter it was not an agreement of suretyship but a primary obligation. (*Cashman* v. *Henry,* 75 N. Y. 103; *Gifford* v. *Father Matthew T. A. B. Soc.,* 104 id. 139.) Instead of one party there were now two primarily liable. The mortgagee could have sued one or both in foreclosure. As between the original mortgagor and his grantee, the relation of principal and surety existed under the contract made between themselves. (*Wager* v. *Link,* 134 N. Y. 122.)

Whatever rights Brady had as against Van Wormer they could not affect the right of the mortgagee to recover his debt. (*Marshall* v. *Davies, supra,* 421.) At any time he could have paid his own debt and become subrogated to the rights of the mortgagee. (*Marsh* v. *Pike,* 10 Paige, 595.) The judgment for deficiency against both placed them as to the mortgagee in the position of joint judgment debtors. Whatever the rule of liability between parties after judgment may be on judgments recovered on promissory notes where liability is fixed by statute (Neg. Inst. Law, §§ 3, 118), or on a contract of suretyship made with the obligee, I am not aware of any authority that compels a mortgagee to collect from only one of two debtors primarily liable on a deficiency judgment, or to assign his judgment to one claiming rights under collateral agreement with another.

The doctrine in this State is that a judgment creditor may release one of two judgment debtors and enforce his obligation against the other if in the release there is a reservation of such right. (*Marx* v. *Jones,* 36 Hun, 290; *Irvine* v. *Millbank,* 36 N. Y. Super. Ct. [4 J.& S.] 264; affd., 56 N. Y. 635; *Mecum* v. *Becker,* 164 App. Div. 852; affd., 215 N. Y. 691; *Whittemore* v. *Judd Linseed & Sperm Oil Co.,* 124 id. 565. See, also, 7 Halsbury's Laws of England, 455.)

After the release of Van Wormer, Brady was in no different

position than as though the mortgagee had failed to join Van Wormer as a party but had foreclosed the mortgage against him alone.

To my mind the only difficulty presented in this case is the failure of the plaintiff to state definitely that there was such reservation in the release. Nothing is said on the subject in the opposing affidavit of Brady. It does appear in the moving affidavit that the judgment remains wholly unpaid. As a judgment is usually discharged only by the payment of money or some valuable consideration, we may infer that the release was not a general discharge. If such was not the fact, the defendant should have the right to move to reopen the order.

In any event, if Brady is compelled to pay the judgment he has a remedy against Van Wormer by subrogation or on the latter's covenant to pay the mortgage. (*Comstock* v. *Drohan*, 71 N. Y. 9; *Hyde* v. *Miller*, 45 App. Div. 396; affd., 168 N. Y. 590; *Gifford* v. *Father Matthew T. A. B. Soc.*, *supra*, 142.)

I dissent and vote for affirmance.

Order reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.