EMELINE DUSSAULT, Plaintiff, v. WALTER F. WELLMAN and Others, Defendants.

Supreme Court, Schenectady County, October 22, 1927.

Mortgages — foreclosure — property was sold in partition after mortgage given and one of mortgagors purchased property subject to mortgage — subsequent purchasers assumed to pay mortgage — original mortgagees became sureties for subsequent purchasers who assumed mortgage — allegations in answer that mortgagee and subsequent purchasers altered terms of mortgage raise issue — plaintiff's motion for judgment on pleadings denied.

This is an action to foreclose a mortgage in which a deficiency judgment is asked against the original mortgagors. After the mortgage was given the property was sold in a partition action and transferred by the referee in that action to one of the original mortgagors subject to the mortgage. Thereafter the property was sold and the subsequent purchasers assumed and agreed to pay the mortgage. Under the circumstances, the original mortgagors were sureties for the subsequent purchasers who assumed to pay the amount of the mortgage and, therefore, any agreement between the subsequent purchasers and the mortgagee which would operate to relieve a surety from liability will relieve the original mortgagors from any liability.

The allegations of the answer that the mortgagee and the subsequent purchasers altered and changed the terms of the mortgage and bond without the knowledge or consent of the sureties, raise an issue in respect to the changes made, and, therefore, the plaintiff is not entitled to a judgment on the pleadings.

MOTION by plaintiff for judgment on the pleadings in action to foreclose a mortgage.

*McDonald King,* for the plaintiff.

*Walter F. Wellman,* for the defendants.

HEFFERNAN, J.   This is an action for the foreclosure of a mortgage in which a deficiency judgment is asked against the defendants Walter F. Wellman, Helen S. Wellman and others.   These defendants and Elizabeth Williams, now deceased, the owners of the property, executed the mortgage in question as collateral security to their bond, dated September 26, 1923, by the terms of which they agreed to pay to the plaintiff the principal sum of five thousand dollars at the rate of thirty dollars a month with interest until October 1, 1925, and thereafter at the rate of twenty-five dollars a month with interest.

The complaint is the usual one in foreclosure.   In addition to appropriate allegations as to default in complying with the conditions of the bond and mortgage, it also shows several assignments of these instruments and their reassignment to plaintiff, who, at the time of the commencement of this action, was the owner thereof. It also appears therefrom that subsequently to the execution of these obligations the defendant Walter F. Wellman instituted a partition suit against his co-owners and on March 11, 1926, the referee in that action conveyed the mortgaged premises to him subject to this mortgage.   On June 30, 1926, this defendant and his wife conveyed the premises to the defendant Shor and the latter, in the deed of conveyance, assumed the mortgage and covenanted and agreed to pay the same as part of the consideration. Thereafter, the defendant Shor and wife, on January 17, 1927, conveyed the property to the defendant Redmond under a like assumption and a like covenant to pay.   The subsequent owners took title subject to the lien of the mortgage and without any agreement on their part to assume or pay the debt.

The defendants Wellman only have answered.   After making certain denials they allege that the plaintiff and the assignees of the mortgage altered and changed the terms thereof without the knowledge or consent of the defendants, and agreed to accept and did accept from the various owners of the property installment payments in lesser amounts than called for, and that they permitted the taxes to accumulate and remain unpaid, and that one Keck, an assignee, and the agent of the owner or owners, in response to an inquiry of the defendant Walter F. Wellman, represented to that defendant that payments were being made upon such mortgage in accordance with the terms thereof, and that he there-

upon agreed to notify such defendant in case of default and that the defendants relied thereon, and that Keck failed and omitted to advise the defendants of any breach of the conditions. Upon these facts the defendants predicate a discharge from liability.

The plaintiff has moved for judgment on the pleadings. On this motion not only must all the allegations be considered admitted when attacked for insufficiency, but every legitimate inference to be drawn therefrom must be resolved in favor of the pleading.

The character of defendants' obligation is important. They contend that they are liable as sureties only, while plaintiff insists that they are primarily responsible because the referee's deed merely recited that the premises were conveyed subject to the mortgage and that its payment was not specifically assumed by them, and that consequently the subsequent grantees are not liable on their assumption agreement. Where property is conveyed subject to a mortgage, payment of which is not assumed by the grantee, the mortgagor becomes a surety for the debt only to the extent of the value of the land and beyond that amount remains the principal debtor. (*Murray* v. *Marshall*, 94 N. Y. 611; *Antisdel* v. *Williamson*, 165 id. 372.) Where the owner of the equity of redemption in mortgaged premises, who is neither legally nor equitably interested in the payment of the mortgage except in so far as the same is a charge upon his interest in the premises, conveys the same subject to the mortgage and the conveyance recites that the grantee assumes the payment thereof as part of the consideration, inasmuch as the grantor was not personally liable for the debt, the grantee is not liable for any deficiency upon foreclosure and sale. The subsequent grantee is not liable on such an assumption agreement for the reason that his title is derived from a former owner who did not assume the indebtedness or otherwise become personally liable for its payment. That is not the situation here, however. The defendants executed the bond and mortgage in question and they bound themselves to pay that part of the mortgage debt which should remain unsatisfied after the remedy against the land should be exhausted. Thereby they incurred a personal liability for the payment of the amount due. It seems to me that it is wholly immaterial whether that liability was created by the referee's deed or by an independent agreement. The test is whether the defendants were personally responsible for the payment of the indebtedness. If they are not liable the covenant of their grantee did not place the latter in the position of surety for the grantors and the grantors being under no liability to the creditor, the covenant could not inure to his benefit. When the grantor, however, in such a conveyance is personally

liable for the payment of the incumbrance, the grantee becomes the principal debtor by such an agreement and the grantor stands in the situation of a mere surety for him as to the payment of such incumbrance so as to give the holder of the incumbrance a right in equity to resort to the grantee for payment if the premises upon which it is a lien should prove insufficient for that purpose. In equity the creditor is entitled to the benefit of all collateral obligations for the payment of the debt which a person standing in the situation of a surety for others has received for his indemnity. This principle, however, does not apply to a promise made to a third person who is not personally liable either at law or in equity to the holder of the incumbrance and who is under no obligation to any one for its payment. Not only did the defendants in this case incur a personal liability for the payment of the mortgage debt but when they conveyed the property to Shor they imposed upon him the primary duty to discharge that obligation as part consideration for the conveyance. Thereafter the liability of the defendants became that of sureties only. As said by Presiding Justice COCHRANE in *Wagoner v. Brady* (221 App. Div. 405): " It is well established in this State that when a mortgagor of real estate conveys it and his grantee assumes the payment of the mortgage the relationship of principal and surety is created between them, the grantee becoming the principal debtor and the grantor becoming surety for the payment of the mortgage indebtedness. (*Hyde* v. *Miller,* 45 App. Div. 396; *Calvo* v. *Davies,* 73 N. Y. 211; *Paine* v. *Jones,* 76 id. 274, 278; 20 Am. & Eng. Ency. of Law [2d ed.], 997, 998.) "

The authorities cited by plaintiff on this question are not in point because they are all cases where there was a conveyance of the real estate without any assumption of the mortgage debt by the grantee.

The defendants' obligation as sureties is *strictissimi juris* and they are discharged by any alteration of the contract to which their guaranty applied whether material or not, and the courts will not inquire whether it is or is not to their injury. (*Paine* v. *Jones,* 76 N. Y. 274; *Page* v. *Krekey,* 137 id. 307.) The time which this mortgage was to run was an essential condition of the contract which the defendants guaranteed. If a valid agreement for the extension of the time of payment of the mortgage was made between the principal debtor and the creditor, without the consent of the sureties, under well-settled principles of law the defendants would thereby be released and it is immaterial whether or not the extension of time for payment actually worked to their detriment. It is true that to release a surety from his obligation the extension

of time to pay the debt must rest upon a valid consideration and must be sufficient to preclude the creditor during the extended period from enforcing the debt against the principal (*National Citizens' Bank* v. *Toplitz,* 178 N. Y. 464; *Olmstead* v. *Latimer,* 158 id. 313), and the payment of a part of the amount then due does not constitute valid consideration for an agreement to extend the time for the payment of the balance. (*Parmelee* v. *Thompson,* 45 N. Y. 58.) This cannot be determined without a trial of the action. The plaintiff is only entitled to judgment when the answer is insufficient in law or when no issues of fact are presented for determination. While this answer is not a model pleading in all respects yet it raises issuable facts on the question of whether or not the plaintiff and the other holders of the mortgage made a valid contract for the extension of the time to pay the debt and also whether or not they concealed from the defendants information which would show that the terms of the mortgage were being violated.

For these reasons the motion is denied, with costs to abide the event.