WILLIAM B. TOUSEY, Plaintiff, *v.* DEAN M. BARBER and Others, Defendants.

Supreme Court, Onondaga County, September 24, 1928.

Mortgages — foreclosure — deficiency judgment — interlocutory judgment provided for deficiency judgment against original mortgagors and two others but not against grantees of mortgagors who assumed payment of mortgage — property was sold and deficiency judgment entered against original mortgagors and two others who were not liable — no deficiency judgment was entered against grantees — judgment as to those not liable is invalid — judgment cannot be amended so as to render deficiency judgment against grantees — grantees having been released original mortgagors are not liable.

In this action to foreclose a mortgage on real property, the interlocutory judgment provided for a deficiency judgment against the mortgagors and two others

who were not liable but did not provide for a deficiency judgment against the grantees of the mortgagors who had assumed payment of the mortgage and the bond secured thereby as part of the purchase price. The property was sold and the sale confirmed and thereafter the present motion was made to vacate and set aside the deficiency judgment against the two persons who were not liable and a counter-motion was made to amend the interlocutory judgment *nunc pro tunc* so as to provide for a deficiency judgment against the grantees.

The provision in the interlocutory judgment for a deficiency judgment against the two persons who were not liable on the mortgage was invalid and cannot be enforced. .

Since the interlocutory judgment did not provide for a deficiency judgment against the grantees who had assumed payment of the mortgage and who were, therefore, primarily liable, a deficiency judgment against the original mortgagors who became sureties was improper, for it must be considered that the failure to enter a deficiency judgment against the grantees constituted a release, which, in turn, released the original mortgagors.

The interlocutory judgment cannot be amended *nunc pro tunc* so as to provide for a deficiency judgment against the grantees and thereby render the provision for a deficiency judgment against the original mortgagors valid, since it appears that the property has been sold under the interlocutory judgment and the sale confirmed.

MOTION by the defendants Barber to vacate and set aside a deficiency judgment entered against them. Counter-motion by plaintiff to amend interlocutory judgment of foreclosure and sale *nunc pro tunc.*

*William Rubin,* for the plaintiff.

*Rolland B. Marvin* and *P. Sidney Hand,* for the defendants Barber.

EDGCOMB, J. This is an action to foreclose a mortgage given by the defendants Barber to the plaintiff, to secure the payment of $2,526 and interest. The bond, which accompanied the mortgage, was signed by Dean M. and George G. Barber only. Hermoine and Martha A. Barber were in no way legally obligated to pay the debt. The defendants Barber transferred the mortgaged premises to the defendants George and Lena E. Isgar, who assumed and agreed to pay the incumbrance, and the bond secured thereby, as a part of the purchase price of the property. In his prayer for relief, plaintiff demanded judgment against the defendants Dean M. and George G. Barber and George and Lena E. Isgar for any deficiency which might arise on the sale.

The defendants Barber appeared in the action, but served no answer. On June 14, 1928, an interlocutory judgment of foreclosure and sale was granted, which adjudged, among other things, that, if the proceeds of the sale were insufficient to pay the expenses, taxes, costs and amount due to the plaintiff, the referee. specify the amount of such deficiency in his report of sale, and that the

defendants Dean M., Hermoine, George G. and Martha A. Barber pay the same, and that the plaintiff have execution therefor. Hermoine and Martha A. Barber were not liable for any deficiency, and the provision that judgment therefor be entered against them was unwarranted.

By reason of their assumption of the bond and mortgage in their deed, the defendants Isgar were responsible for the total mortgage debt. Proper demand was made in the complaint, and there was no reason why judgment for any deficiency should not have been ordered against them. Plaintiff now claims that their release from such liability was inadvertent and due to an oversight. Doubtless that is true. Nevertheless, as the interlocutory decree now stands, a deficiency judgment could not properly be entered against the Isgars.

The sale was made pursuant to said interlocutory decree. The property was struck off to the plaintiff for $150. The referee reported a deficiency of $2,855.04, and certified that the defendants George and Lena E. Isgar only were liable therefor under said judgment. The report of sale was confirmed on August 2, 1928, and judgment for $2,855.04 was entered against the defendants George and Lena E. Isgar, although, as before noted, the interlocutory judgment of foreclosure and sale did not provide for any judgment against them. On the 7th day of August, 1928, the order of confirmation was amended by providing that the judgment of deficiency be entered against all four of the defendants Barber. So that there now appears upon the judgment docket of Onondaga county a judgment for $2,855.04 against all six defendants in this action.

Concededly, the entry of the judgment against the defendants Hermoine and Martha A. Barber was without warrant, and should be set aside. Plaintiff consents to such an order.

So far as the defendants Dean M. and George G. Barber are concerned it must be recalled, even at the cost of repetition, that they were personally liable for the debt; that the complaint demanded judgment against them; that the interlocutory judgment provided that they should pay the deficiency reported and that execution should issue against them therefor. So that, if they are to be relieved from this judgment, it is because of matters which have arisen during the progress of this action.

When the Barbers sold the mortgaged premises to the Isgars, and the latter promised and agreed to pay the mortgage and bond in question, the purchasers became, as between the parties, the principal debtors, and the sellers became the sureties. (*Paine* v. *Jones,* 76 N. Y. 274; *Calvo* v. *Davies,* 73 id. 211; *Wagoner* v. *Brady,*

Supreme Court, September, 1928.      [Vol. 132

221 App. Div. 405; *Hyde* v. *Miller*, 45 id. 396; *Dussault* v. *Wellman*, 130 Misc. 614.) That relationship survived the entry of this judgment. (*Wagoner* v. *Brady*, 221 App. Div. 405.)

It is elementary that the liability of a surety ends with the extinguishment of the obligation of the principal. I think that the failure of the interlocutory decree to provide for a deficiency judgment against the Isgars, under all the circumstances disclosed here, amounts to an extinction of their debt.

That judgment fixed the rights of the parties. All that remained to be done was to determine the amount of the deficiency for which the parties named therein, the sureties and not the principal, were to be liable. (*French* v. *French*, 107 App. Div. 107; appeal dismissed, 185 N. Y. 532.)

The plaintiff could not have commenced or maintained another action against the Isgars to recover any part of the mortgage debt without leave of the court. (Civ. Prac. Act, § 1078.)

Such permission does not follow as a matter of course. Whether it should be granted or refused depends entirely upon circumstances, and rests in the sound discretion of the court. (*Equitable Life Ins. Society* v. *Stevens*, 63 N. Y. 341; *Hochstein* v. *Schlanger*, 150 App. Div. 124; affd., 208 N. Y. 513; *Stehl* v. *Uris*, 210 App. Div. 444; *Darmstadt* v. *Manson*, 144 id. 249.)

It was held in the *Hochstein* and *Stehl Cases* (*supra*) that the court was justified in refusing to permit a plaintiff to bring a subsequent suit against one who was liable for the payment of the mortgage debt, but who had not been made a party defendant in a foreclosure action, upon the theory that it is the policy of the law to avoid, wherever possible, a multiplicity of actions, and to dispose of an entire proceeding in one suit.

In *Darmstadt* v. *Manson* (*supra*) it was held that a plaintiff who had entered a judgment containing no provision for a deficiency judgment, so that the obligors on the bond secured by the mortgage were not called upon to appear at the sale and take care of their interests, should not, after the expiration of two years, be allowed to maintain a separate action upon the bond.

This is not a case of indulgence to the principal debtor. The rule that a creditor owes the surety no duty of active diligence cannot be invoked here. Plaintiff has assumed to act, and has chosen to proceed and sell under a judgment which he obtained, and for which he alone was responsible, in which he has omitted any reference to a deficiency judgment against the principal debtor, a provision to which he was entitled, had he chosen to insert it. I think it must be held that, under the form of this decree, the judgment against the Isgars was without authority, and that they

are released from their obligation. If that be so, it follows that the Barbers are not liable for this deficiency.

While the case of *Paine* v. *Jones* (76 N. Y. 274) is different in some respects from the case at bar, its holding is significant here. In that case the defendant, who had executed the bond and mortgage, sold the premises to a third party, who assumed and agreed to pay the mortgage. The bond contained a provision by which the mortgagor could require at any time a release of any portion of the mortgaged premises upon making certain specified payments. Thereafter, an agreement was made between the grantee and the holder of the mortgage, without the knowledge or consent of the mortgagor, abrogating this clause. It was held that the holder of the security, having knowledge of the relation of principal and surety which existed between the grantor and the grantee, was bound by it, and was under an equitable obligation to do nothing to affect it, and that the release of the privilege contained in the original bond was such an alteration of the contract as relieved the mortgagor from liability.

This is not a case where the creditor was unaware of the relation of principal and surety which existed between the Isgars and the Barbers. The deed, creating such relation, was a matter of public record, and plaintiff was charged with knowledge of its contents. That he had actual cognizance of the fact is evidenced by the allegations in his complaint, setting up this very situation.

The plaintiff recognizing the position in which he has found himself, has made a counter-motion, which I have permitted to come on for hearing at this time, in which he asks to amend the interlocutory judgment of foreclosure and sale *nunc pro tunc*, by inserting therein the names of the defendants George and Lena E. Isgar as parties liable for any deficiency upon the sale of said premises. If this can be done, so that the deficiency judgment can be entered against the Isgars as of the date of its original entry, the defendants Barber would not be released.

Ordinarily, a court has control over and authority to amend its judgments and orders. I think that such rule is not applicable here. The liability of a surety once released cannot, as a general rule, be revived without his consent. Here, the sureties had a right to rely upon the interlocutory judgment of foreclosure and sale, as it was entered, and which did not provide for any judgment of deficiency against the principal debtors. Plaintiff proceeded to sell under that decree. The defendants Barber had no interest in the property, and, if no personal judgment could be entered against them, none in the sale; they might well have rested easy, ignored

the sale, and refrained from bidding.    To now permit the judgment to be amended as of the date it was granted, so as to provide for a judgment for deficiency against the Isgars, would be unjust and unfair.    It cannot be done after the sale has taken place and has been confirmed.    Plaintiff is too late.    (*Baehr* v. *Smith,* 169 App. Div. 574;  *U. S. Trust Co.* v. *Schliep,* 28 N. Y. Supp. 382; *Mutual Life Ins. Co.* v. *Hoyt,* 15 Wkly. Dig. 489.)

The motion of the defendants Barber to set aside and vacate the deficiency judgment is granted, with ten dollars costs.    The counter-motion of the plaintiff to amend the interlocutory judgment of foreclosure and sale *nunc pro tunc* is denied, without costs.