MARIE SCHARDT, Individually, etc., Plaintiff, *v.* ERNEST W. BERNER and Others, Defendants.

Supreme Court, Monroe County, January 3, 1930.

*Clayton M. Stein*, for the plaintiff.

*Webster & Smith*, for the defendants.

RODENBECK, J. The plaintiff had the right to sue the Berners, the original mortgagors, or the Washbons, the Berners' grantees,

or both. (*Wagoner* v. *Brady*, 221 App. Div. 405; 41 C. J. 733.) The conveyance of the property to the Washbons in which they assumed and agreed to pay the mortgage, did not change the relation of the Berners to their mortgagees. (Id.) It gave the latter a remedy both against the Berners and the Washbons, between whom there existed the relation of surety and principal. This relationship, so far as the record shows, has not been disturbed. The Washbons not having been served, plaintiff had the right to discontinue as to them, without prejudice. The plaintiff might have sued on the bond of the Berners alone. The Washbons have not been released from their obligation to the Berners nor has that obligation been affected in any way, so far as appears.

But when the surviving mortgagee and the executrix of the deceased mortgagee elected to sue both the Berners and the Washbons, the surviving mortgagee and the executrix of the deceased mortgagee were bound to act in good faith. The plaintiff mislead the Berners by failing to serve the Washbons, discontinuing as to them, bidding the property in for a nominal sum, and taking a deficiency judgment against the Berners for, substantially, the amount of the mortgage. The plaintiffs, thus, have secured the property and, also, a deficiency judgment for, substantially, the amount of the mortgage, against the Berners, who defaulted on the assumption that the Washbons were parties.

This result should not be allowed to stand. The judgment is set aside, and the default of the Berners is opened and they are allowed to answer and defend upon payment of the sum of fifty-five dollars and the disbursements necessarily incurred since the service of the complaint and which will be reincurred.

So ordered.