JAMES N. BUTTERLY, Plaintiff, *v.* MARIBERT REALTY CORPORATION and Others, and ELIZABETH G. GREENE, Individually and as Administratrix of BARTHOLOMEW A. GREENE, Deceased, Defendants.

Supreme Court, New York County, November 10, 1930.

*Dowling & Cass* [*Edward D. Dowling, Alvin C. Cass* and *Jacques W. Bascal* of counsel], for the plaintiff.

*Moses, Nehrbas & Tyler* [*Charles J. Nehrbas* of counsel], for the defendants.

COTILLO, J. Plaintiff comes into a court of equity seeking to compel the defendant Maribert Realty Corporation to assign to the defendant Northern Terminal Corporation of New York a certain deficiency judgment entered against the plaintiff in an action brought to foreclose a certain mortgage, held by the defendants William H. English, Frank J. Heaney and Edith Y. Shaw, and then satisfied of record. The judgment rendered in favor of the defendants Heaney, English and Shaw was assigned to the defendant Maribert Realty Corporation. Before the entry of the deficiency judgment the individual defendants English, Heaney and Shaw incorporated the defendant Maribert Realty Corporation and then assigned to it the deficiency judgment. On the trial of the action it was conceded that the defendant Northern Terminal Corporation of New York is the true owner of the judgment and that the Maribert Realty Corporation was holding title as a mere dummy and agent for the Northern Terminal Corporation.

The facts are virtually uncontested. The plaintiff and one Bartholomew A. Greene were partners owning real estate together. The title originally stood entirely in the name of plaintiff but Greene had an unrecorded deed for a half interest. The property was held in the name of the plaintiff as he was contesting certain improvements. On April 17, 1917, plaintiff executed a bond and mortgage to the Mutual Life Insurance Company upon obtaining a loan of $32,500. He also executed an extension agreement of a previous mortgage of $117,500 and consolidated the two loans. The deficiency judgment was based upon these two bonds. On April 25, 1918, the plaintiff and Greene, desiring to borrow money to pay taxes, and to terminate a suit brought to foreclose the Mutual Life mortgage, formed the Northern Terminal Corporation of New York. During the formation of this corporation the plaintiff and Greene agreed to borrow $30,000 from people represented by one Malcolm R. Lawrence and to convey the property to the corporation and also to distribute the stock equally between the plaintiff, Butterly, and Lawrence as trustee. The corporation took the real estate subject to these two mortgages and assumed them. The principals represented by Lawrence were English, Heaney and Shaw. This agreement provided " that upon the sale of any part of said property during said time the proceeds thereof shall be used by the corporation towards the payment of said mortgage

to the end that said mortgage be paid in full." Thereafter portions of the property were sold to Carnival Palace Corporation for $15,000, to one I. T. Flatto for $300,000 and to the city of New York for $74,000.

Between June 3, 1918, and November 9, 1927, English, Heaney and Shaw made further loans through the corporation aggregating $173,873.44 with $17,052.02 interest. On November 9, 1927, these loans were repaid except the amount of $18,319.44. During June, 1929, English, Heaney and Shaw advanced $37,500 to the corporation to pay taxes and the costs of the mortgage foreclosure action. This advance was repaid on July 16, 1929. At the time of the sale of property to Flatto the corporation received $100,000 in cash. The corporation then borrowed $57,000 from English, Heaney and Shaw, and with this loan and the money received from the sale to Flatto the two bonds and mortgages were purchased from the Mutual Life Insurance Company. The mortgages were then delivered to English, Heaney and Shaw to be held by them as collateral for their loans to the Northern Terminal Corporation. English, Heaney and Shaw agreed to reassign the mortgages to the Northern Terminal Corporation upon the payment of their loans. On September 20, 1928, Flatto paid the balance of the $300,000, and July 1, 1929, English, Heaney and Shaw were paid the balance of their loans. On March 3, 1927, English, Heaney and Shaw commenced foreclosure proceedings, and on June 9, 1929, a deficiency judgment was entered against the plaintiff, which on June 10, 1929, was assigned to the defendant Maribert Realty Corporation. At the time of the entry of the judgment of foreclosure and sale on April 9, 1929, the Northern Terminal Corporation was indebted to English, Heaney and Shaw in the amount of $18,000, which sum the Northern Terminal Corporation was compelled to and did pay in order to procure the transfer of the deficiency judgment. The Northern Terminal Corporation had assumed the payment of these mortgages, and had become the primary debtor with the plaintiff as surety.

The defense seems to rest upon two theories: (1) That the entry of the judgment of foreclosure has adjudicated all the issues in this action against the plaintiff, and (2) that the plaintiff, who is seeking equity, does not come into court with clean hands.

The first theory of the defense cannot avail. It must be borne in mind that the individual defendants who were the owners and holders of the bonds and mortgages took the same rights as the Mutual Life Insurance Company, their assignor. The property covered by these mortgages was held in the name of the Carnival Palace Corporation and the plaintiff, who was the named obligor

in the bonds, had no defense against the insurance company or its successors in interest. Any defense that the plaintiff divested himself of title to the property in favor of a grantee who assumed the mortgages could not be raised against the holder of the mortgage. The individual defendants were entitled to judgment on the bonds as long as their loans to the Northern Terminal Corporation were unpaid, but upon the conceded payment of these loans the Northern Terminal Corporation became the owner of and entitled to the bonds and mortgages, or in this case is entitled to the deficiency judgment. In view of the concession of counsel, to wit, "We freely admit that the Northern Terminal Corporation of New York is the real owner of the property and is the real owner of the deficiency judgment. There is no question about it," I am of the opinion that the plaintiff is entitled to the relief demanded unless the defendants' second defense is sound. Under the above concession and under the agreement between the Northern Terminal Corporation and the plaintiff, the Northern Terminal Corporation would, if it succeeded under its first defense, recover the amount it owes from its surety, the plaintiff in this action. The law has been aptly and concisely stated in the well-written opinion in *Wagoner* v. *Brady* (221 App. Div. 405) where Mr. Justice COCHRANE, writing for the court, held as follows: "It is well established in this State that, when a mortgagor of real estate conveys it and his grantee assumes the payment of the mortgage, the relationship of principal and surety is created between them, the grantee becoming the principal debtor and the grantor becoming surety for the payment of the mortgage indebtedness."

The second defense raised by the pleadings is predicated upon the following facts: At the time of the purchase of the property acquired by the Carnival Palace Corporation, the plaintiff was an officer of the Northern Terminal Corporation of New York and negotiated the sale to the Carnival Palace Corporation and its owners, Ward and Davis. The contract called for the sale at a figure of $135,000, by payment of $15,000 and a second mortgage of $10,000 and taking the property subject to the $110,000 Mutual Life Insurance Company mortgage. When forming the corporation known as the Carnival Palace Corporation, Ward and Davis agreed to and did give the plaintiff one-third of the corporate stock. This the defendants assert was an attempt by the plaintiff to obtain an unfair and secret profit upon the transaction. There can be little weight given to this contention. There is a total absence of proof indicating that the plaintiff failed to protect the interest of his principal, the Northern Terminal Corporation, in this transaction or that the giving of the stock was for the purpose of obtaining

an unfair advantage for the Carnival Palace Corporation. The fact is that agreement to give the stock was long after the sale of the property and for the purpose of getting the plaintiff to aid in the raising of funds for the unpaid installments of the purchase price and to help manage the enterprise itself. In addition the Northern Terminal Corporation, learning of this stock deal, elected to ratify the sale to the Carnival Palace Corporation and brought an action in this court to compel the Carnival Palace Corporation and the plaintiff to turn over the one-third interest of the plaintiff to the Northern Terminal Corporation. This action is now pending and awaiting trial. In view of all the circumstances I am of the opinion that the plaintiff is entitled to the equity relief as demanded in the complaint. In addition to the equity relief there was a demand for damages. The damages consisted of legal services required in the attempt to relieve plaintiff of the deficiency judgment. On trial those damages were conceded to be $10,000. In addition to the equity relief, the plaintiff is also entitled to recover this amount as damages. Submit proposed findings of fact and conclusions of law and proposed judgment.