■ HAZEL L. LUNDQUIST, by HARRIET TILL, Her Guardian ad Litem, Appellant, v JOHN P. NELSON et al., Respondents.—Judgment unanimously affirmed, with costs. Memorandum: This appeal is from a judgment dismiss-

ing the complaint of plaintiff Hazel Lundquist by Harriet Till, her guardian ad litem, which had sought a deficiency judgment against defendants John P. Nelson, Marion H. La Barte and J. M. E. Land Holding Corporation for any liability to plaintiff on any debt remaining unsatisfied after the sale of mortgaged premises. On June 20, 1967 plaintiff conveyed certain premises in the Town of Kiantone to Nelson, La Barte and Ejnar Gustafson. The premises were zoned commercial and improved by a combination house and grocery store, a barn, a small storage building and two gasoline pumps. The purchase price was $23,000. The defendants paid $3,000 and gave the plaintiff a purchase-money mortgage for $20,000. The mortgage provided that "no building on the premises shall be removed or demolished without the consent of the mortgagee". In July, 1967 the individual defendants conveyed the entire premises to J. M. E. Land Holding Corporation, a corporation formed by the individual defendants, which corporation assumed the mortgage. Thereafter the corporation entered into a contract to sell a portion of the premises to Jamestown Shop-N-Save, Inc. Shop-N-Save demolished the buildings on the premises. A small shed was sold to defendant La Barte for $25. Plaintiff signed a written consent to demolish the buildings which was mailed by plaintiff's attorney on December 4, 1968 to Shop-N-Save. J. M. E. Corporation obtained a release of lien of the mortgage from the plaintiff of the land it retained. Shop-N-Save made payments for two years and then went into receivership. Plaintiff commenced the instant action and, following motions for summary judgment, the action was referred to a referee. After a hearing the referee found that there was a material change in the mortgage contract; that the plaintiff gave her written consent for the material change without the consent of defendants, that by reason thereof, the defendants cannot be held liable for any deficiency judgment. On this appeal plaintiff contends that the buildings were destroyed on October 13, 1968 prior to J. M. E. Corporation's transfer to Shop-N-Save and that the subsequent consent by plaintiff to Shop-N-Save does not relieve defendants from their obligations under the mortgage. Plaintiff claims that the decision of the referee is, therefore, contrary to the evidence and should be reversed. A mortgagee who has notice that the mortgaged premises have been conveyed may not, without the consent or knowledge of the mortgagor, alter the terms of the mortgage or make any agreement with the grantee which will impair the mortgagor's right of recourse against the mortgaged premises in case he pays the mortgaged debt. If the mortgagee does alter the terms of the mortgage, the mortgagor is thereby discharged from liability upon the mortgage debt (*Marshall v Davies,* 78 NY 414; *Wagoner v Brady,* 221 App Div 405). The evidence before the referee discloses that the defendants never consented to, nor were requested to consent to, the demolition of the buildings. Further, the defendants testified that the first time they were aware that the buildings were to be destroyed was when they observed the bulldozers on the property. The demolition of the buildings took place after the contract to sell the property from J. M. E. to Shop-N-Save and after Shop-N-Save took possession of the property, but before the deed conveying the property was signed and recorded. The buildings were taken down or removed after consent was obtained from the mortgagee's agent, but before written consent was received. The evidence on the record, therefore, supports the findings of the referee. Under these circumstances, we see no reason to disturb such findings. (Appeal from judgment of Chautauqua Supreme Court—mortgage foreclosure.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.